Thomas A. Aurelio, J.
In this stockholders’ derivative action • wherein an order was made consolidating a number of separate actions and designating general counsel for all plaintiffs, two stockholders holding substantial amounts of stock move for leave to intervene with the right to serve a complaint in addition *399 to the consolidated amended complaint already served in the action, and to litigate the issues thereunder separately and simultaneously with the issues herein through their own attorneys and not through general counsel.
The motion is made as a matter of alleged right under section 193-b (subd. 1) of the Civil Practice Act and as a matter of discretion under section 193-b (subd. 2). The basis assigned for the motion is a claim of either the fact or possibility of inadequacy of representation within the meaning of section 193-b. The moving parties acknowledged that of the 10 causes of action contained in their proposed complaint, the third through the ninth are alleged ‘ ‘ in part ’ ’ in the existing consolidated amended complaint and that while the first, second, and tenth causes of action are omitted from the consolidated amended complaint, they are so interwoven with the over-all picture “as to be inseparable therefrom ”. Also, the record before the court discloses that the moving parties were aware of the motion for consolidation and could have had an opportunity to be heard with respect to the questions of whether consolidation should be made and general counsel should be appointed but saw fit not to make their position known to the court.
The motion, therefore, is not so much to intervene as it is to vacate the consolidation order to the extent of permitting parallel and duplicate prosecutions by counsel other than general counsel appointed by the court of claims which admittedly are substantially similar to or interwoven with and inseparable from those presented in the existing pleading.
It has been held that it is a proper disposition to make an order of consolidation where several causes are pending which might be the subject of a single action or suit and in connection therewith to designate general counsel (Burnham v. Brush, 176 Misc. 39). It has also been held that an attorney for a plaintiff-intervener “ may not thrust his advice or services upon the general attorney in the case; he may offer suggestions he believes will be helpful and must leave the acceptance or rejection thereof to the general counsel in the first instance; he may not assume direction or control of the litigation for that is committed to the judgment of the general counsel; such attorney may and is expected to cooperate with the general counsel when cooperation is desired ” (Beeber v. Empire Power Corp., 31 N. Y. S. 2d 920, 924).
The issue then is whether matter has been presented which warrants a deviation from such proper disposition. In this connection it is to be borne in mind that the issues here are not *400 raised on a motion for consolidation and for the designation of general counsel, on which occasion it would be appropriate to consider all factors bearing on the questions of whether consolidation should be ordered and which counsel should be appointed by the court. The question before the court, rather, involves a motion to intervene after consolidation has been ordered and the designation made.
While in a proper case, even though on a motion for intervention the court might be minded to review its decision directing the consolidation and designating general counsel, this does not appear to be such a case. The court finds the several reasons presented in support of the alleged inadequacy of representation to be neither persuasive nor as affording a basis for granting the drastic relief here sought. The number of shares owned by all the stockholders in the consolidated action, as contrasted with the number of shares owned by the proposed intervenors, while a consideration, is by itself of insufficient weight to form the basis for the claim asserted. Vigilant stockholders, regardless of the size of their holdings, have a right to take steps to protect the interests of the corporation of which they are stockholders.
The matters alleged regarding the institution of the first of the consolidated actions and a certain settlement offer made in the consolidated action also do not form a proper basis for the assertion. On a previous application by one of the parties to this action for an order granting a renewal or rehearing of the motion for consolidation reference was made to the said settlement offer and the designation of a Referee to hear and report to the court concerning the offer. In denying the motion the court found that the offer of settlement had not been accepted by any of the plaintiffs and that on the contrary the response to the offer was solely an agreement by general counsel to submit the offer to the court for a determination as to its fairness and adéquacy. In its opinion the court observed that it had no doubt but that the most careful scrutiny would be accorded the offer, that all pertinent evidence would be adduced in connection with the issues raised by the pleadings, and that the court was satisfied that extensive litigation in the case was both contemplated and necessary.
Nothing has been presented on this application to induce the court to change its view. The court is satisfied that general counsel are competent and experienced, have displayed zeal and diligence and have conducted the litigation with skill and alertness. Not the least aspect of the foregoing is a motion which general counsel have made for the appointment of a receiver, *401 despite the pendency of the proceeding before the Referee with regard to the settlement offer.
The court finds that its original designation of this firm as general counsel was well considered and justified.
The moving parties virtually admit that their proposed pleading is duplicative, in part, of the existing pleading and that the new causes of action contained in the proposed new pleading are so interwoven with the over-all picture, “as to be inseparable therefrom ”. This makes it evident that the very basis and reason which moved the court to grant an order of consolidation would be nullified by permitting the service of the new proposed pleading. The service of the proposed complaint would result in multiplicity and unnecessary and undesirable complication and confusion which the court will not permit.
The motion also seeks to stay all proceedings under the order of reference made by the court with respect to the above-mentioned offer of settlement until such time as issue shall have been joined under the proposed complaint and an opportunity had to examine the defendants before trial or an inspection of the defendants’ books and records has been made, or in the alternative to vacate the order of April 19, 1957 appointing a Referee.
The question of whether proceedings should be continued on that offer of settlement is a matter best left for the determination of general counsel.
It is to be noted that general counsel have not opposed the motion for intervention as such, have indicated their willingness to include, where warranted, new causes of action and additional defendants as proposed by the moving parties, and have stated their willingness to accept the co-operation of counsel for the moving parties.
Accordingly, the motion insofar as made to intervene is granted. The conditions sought by the moving parties, however, are denied. The proposed interveners will be joined as plaintiffs subject to the order of consolidation and designation of general counsel heretofore made. General counsel are directed to prepare and serve a further consolidated amended complaint and supplemental summons which will include such additional fact allegations or causes of action as in their best judgment they deem suitable and proper, the defendants herein and any additional defendants brought in by supplemental summons to have 20 days from the date of service of such further consolidated amended complaint to answer with respect thereto.
The attorneys for the intervening plaintiffs may offer suggestions but may not assume direction or control of the litigation. *402 They may and are expected to co-operate with general counsel when co-operation is desired (Beeber v. Empire Power Corp., supra, p. 924). That branch of the motion which seeks to stay the settlement proceeding and for alternative relief is denied. Settle order.