VALERIE I. RICH, Respondent, *v.* NICOLAS REISINI et al., Respondents, et al., Defendants.

NICOLAS REISINI et al., Respondents, *v.* CINERAMA, INC., Respondent, et al., Defendants.

ROBERT VENTURA, as Administrator of the Estate of JULIA VENTURA, Deceased, Appellant, *v.* NICOLAS REISINI et al., Respondents, et al., Defendants.

BEATRICE HERSHMAN, Plaintiff, *v.* NICOLAS REISINI et al., Respondents, et al., Defendants.

First Department, January 20, 1966.

*Paul L. Ross* of counsel (*Benedict Wolf* with him on the brief; *Wolf Popper Ross Wolf & Jones,* attorneys), for appellant.

*Abraham L. Pomerantz* of counsel (*William E. Haudek* and *Richard M. Meyer* with him on the brief; *Pomerantz Levy Haudek & Block,* attorneys; *Bennett Frankel,* attorney), for Valerie I. Rich, respondent.

STEUER, J.   The instant appeal presents a single but delicate question.  Four derivative stockholders' actions against officers and directors of Cinerama Corporation and others have been consolidated, and all parties are in accord that consolidation was proper practice.   Furthermore, there is no dispute that orderly and economical prosecution of the action necessitates the designation of a general counsel to conduct the litigation on behalf of all the stockholders.   And it is also conceded that the selection of a general counsel from the several attorneys who brought the actions which have been consolidated, in default of agreement among themselves, rests in the sound discretion of the court.

Disagreement exists, however, as to the factors which should influence the exercise of that discretion, and as to the extent of the influence to be accorded each factor.   Appellants contend that the dominating factor should be the institution of the first suit, with the consequence that plaintiff's attorney in that suit should be the counsel.*   We do not accept that argument.   It is true that Professor Hornstein states that this is the general practice and calls attention to three instances where Special Term so ordered (Hornstein, Problems of Procedure, 42 Col. L. Rev. 580).   Whether or not the rulings are anything more than coincidence or a convenient rule of thumb to obviate a more difficult choice, our conclusion is the same: such a practice is not to be followed.   Nor is the argument, made by appellant, that authority supports the proposition that in order to support

---

* There is some dispute as to which of these actions was first instituted.  This is based on a comparison of the causes of action in the original complaints and those in the complaint of the consolidated action.   We do not consider this dispute and deem the *Ventura* action, which was the first in chronological order, to be the first one started.

a choice of one of the other counsel in place of the attorney for the original plaintiff, there must be substantial reasons (cf. *Burnham* v. *Brush,* 176 Misc. 39, 41).

The guiding principle in the selection of counsel is to find among those eligible the one who will best serve the interest of the plaintiffs (*Solomon* v. *Schenck,* 264 App. Div. 716, affg. without opn. the decision of McLAUGHLIN, J.; *Burnham* v. *Brush, supra*). Especially in this jurisdiction, where the court can hardly be expected to have an informed opinion of every attorney who applies to it for designation, is the principle difficult to implement. It is with this in mind that we examine Special Term's designation in this case.

As far as appears, only two of the four attorneys sought designation. The appellant Ventura is represented by Wolf Popper Ross Wolf & Jones, Esqs. Respondent Rich is represented by Bennett Frankel, Esq. As to the former, a very active practice, professionally conducted, would lead to the belief that a suit entrusted to them would receive adequate handling. Mr. Frankel chose not to rest his candidacy on his own professional status. He retained as counsel Pomerantz Levy Haudek & Block, Esqs. Special Term, recognizing the unique qualifications of this firm in this particular field of litigation, deemed that the stockholders would best be represented by its participation in the action.

While we have no dispute with that conclusion and would, in fact, indorse it, we see no justification in it for the designation of Mr. Frankel as cogeneral counsel. Responsibility for the litigation is that of the general counsel and control of it is in his hands, regardless of the eminence of the counsel he may bring in to conduct the proceedings. Selection having been made on the basis of the suitability of someone other than the counsel designated, it was an improper exercise of discretion.

We conclude that the designation best calculated to further the plaintiffs' interest would be the counsel in the *Ventura* action, namely, the Wolf firm, with the Pomerantz firm acting under their instruction.

The order should be modified in the exercise of discretion and an order in accord with this opinion settled on notice, without costs and without disbursements.

BOTEIN, P. J., BREITEL, VALENTE and EAGER, JJ., concur.

Order, entered on September 14, 1965, unanimously modified, in the exercise of discretion, without costs and without disbursements, in accord with the opinion of this court filed herein. Settle order on notice.