■ BENJAMIN KATZ, Appellant, and JACK SPERRY, Respondent, v JAMES E. CLITTER et al., Respondents.—Order of the Supreme Court, New York County, entered February 7, 1977, appointing the firm of Demov, Morris, Levin & Shein and Abraham M. Glickman as general counsel on behalf of all plaintiffs, denying appellant's counsel certain rights, duties and powers and denying appellant's cross motion for an order that Kass, Goodkind, Wechsler & Gerstein be appointed lead counsel for plaintiffs in the consolidated action is unanimously modified, on the law and in the exercise of discretion, so as to appoint Kass, Goodkind, Wechsler & Gerstein cocounsel for plaintiffs in the consolidated action with all concomitant powers and deleting from the order appealed from anything to the contrary, and otherwise affirmed, without costs and without disbursements. In this consolidated proceeding, it appears that the action of plaintiff-appellant was commenced first. Nevertheless, counsel for plaintiff-respondent Sperry was appointed general counsel for plaintiffs in the consolidated action. Although priority in instituting suit is a factor to be considered in the appointment of general counsel, nevertheless, the principal factor to be considered in making such selection is whether the appointment will serve the best interests of the shareholders (Rich v Reisini, 25 AD2d 32, 34; Clayton v Standard Oil Co., 37 NYS2d 259, 260-261). In this latter connection, the credentials of proposed counsel are of the utmost importance. It appears that counsel for appellant is most knowledgeable in the prosecution and defense of shareholders' derivative actions. Without elaborating on his experience, it is difficult to ascertain the reason for ignoring his credentials in making the appointment. Special Term assigned no reasons for denying the cross motion of appellant that his counsel be designated lead counsel in the consolidated action. We believe Special Term abused its discretion in limiting the appointment as it did to counsel for respondent Sperry. Given the apparent expertise of both sets of counsel, the order appealed from should be modified so as to appoint Kass, Goodkind, Wechsler & Gerstein cocounsel for plaintiffs in the consolidated action with all the concomitant duties and powers such a designation would entail and we delete from the order appealed from anything to the contrary. The order appealed from should be otherwise affirmed. In addition, we find that the order appealed from does affect a substantial right pursuant to CPLR 5701 (subd [a], par 2, cl [v]). The deprivation of a party's right to conduct and control the litigation commenced by him affects a substantial right. Such orders are

appealable (Rich v Reisini, supra). Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.