THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. LLOYD PRICE, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. EDWARD GRIMALDI, Appellant, Impleaded with
Others.

(Submitted October 2 and 9, 1933; decided October 17, 1933.)

*Samuel S. Leibowitz* and *George Rosling* for first motion.

*Philip J. Jones* and *Moe Levy* opposed.

*Louis E. Drago* and *William A. Bacher* for second motion.

No one opposed.

*Per Curiam.* The anomolous motions in the above cases to confirm the assignment of counsel made by the County Court of Kings county and authorize them *nunc pro tunc* to prosecute the appeals, require a brief state-

ment for the guidance of the courts below regarding counsel in criminal cases.

Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing. (U. S. Const. 6th Amendt.; State Const. art. I, § 6.) Where, therefore, a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings. Even prior to section 308 of the Code of Criminal Procedure, there was inherent power in the courts to assign counsel to defend a prisoner who was without an attorney and unable to employ one. "There has been no time in the governmental history of this state when the court lacked the power to assign counsel for the defense of indigent persons charged with crime (*People ex rel. Saunders* v. *Board of Supervisors*, 1 Sheld. 517); and it has been a part of the obligation assumed by counsel upon their admission to the bar to defend poor prisoners upon assignment by the court. Until the passage of the statute now under consideration [Code Crim. Pro. § 308], such service was rendered by counsel so assigned without pecuniary compensation, and such service, however onerous, created no legal liability against the county in favor of the person rendering the same." (*People ex rel. Acritelli* v. *Grout*, 87 App. Div. 193; affd. on prevailing opinion below, 177 N. Y. 587.)

The section of the Code of Criminal Procedure referred to (Laws of 1897, ch. 427) allows compensation to counsel assigned in a case where the offense charged in the indictment is punishable by death. The section has been frequently amended. The allowance is made by the trial court for services upon the trial and an additional allowance by the Court of Appeals for services upon the appeal. No such allowance, however, shall be made unless an affidavit is filed with the clerk of the court by or on behalf of the defendant showing that he is wholly destitute of means. No time is specified for filing this

affidavit other than it must precede the allowance of compensation.

There is no different procedure for the assignment of counsel in a case of murder in the first degree than in any other case. The difference lies wholly in the fact that in the former the State assumes the responsibility of paying counsel for the defense. Where, therefore, a defendant upon arraignment or at any other stage of the proceeding (*People ex rel. Perry* v. *Berry*, 250 N. Y. 452), appears without counsel and desires the aid of counsel the court must assign an attorney to defend him. If, however, the defendant desires to defend himself or has an attorney, the court has no right to make an assignment.

Under our system of appeal, there must be a point at which, for some purposes, the jurisdiction of one court ends and the other begins. (*Squire* v. *McDonald*, 138 N. Y. 554.) The duty of counsel assigned to defend the prisoner charged with murder in the first degree will not end with the judgment of conviction; it will be his duty also to take the necessary appeal within the thirty days fixed by statute. (Code Crim. Pro. § 521.)

The jurisdiction of this court begins with the notice of appeal. Any application thereafter for the substitution or change of counsel or for the assignment of counsel must be made to this court. The occasions have not been frequent where this court has been obliged to assign counsel as the practice has been somewhat uniform of recognizing the counsel who were assigned by the trial courts and who have willingly continued in the prosecution of their work on appeal to this court. Occasionally the lawyer has dropped out and on application of the defendant we have been obliged to assign other counsel. This court has full control over the case after appeal and has removed assigned counsel for neglect or delay, and assigned other attorneys. (*People* v. *Nelson*, 188 N. Y. 234.)

Applying these few fundamental principles to the facts

appearing in these motions, we find that Lloyd Price was defended on the trial by Philip J. Jones and Moe Levy, employed by him and his mother. After conviction and sentence they served the notice of appeal to this court within the proper time and apparently were willing to continue their services. On an affidavit by the defendant that he was without means to pay counsel, the trial court immediately assigned the petitioners herein, Samuel S. Leibowitz and George Rosling. They have now made a motion that this court recognize their assignment and that this order of the County Court be confirmed and they be authorized nunc pro tunc to prosecute the appeal.

We cannot grant this motion. Until it fully and clearly appears that the attorneys, Philip J. Jones and Moe Levy, who appeared for the defendant upon the trial, had voluntarily withdrawn from the case, the County Court had no authority to assign other counsel. The motion is, therefore, denied.

Upon the application of the district attorney, however, the argument of the case is postponed until the third Monday of the November, 1933, term. Jones and Levy appearing as attorneys for the defendant in this court by their notice of appeal any application for the assignment or change of counsel must be made here.

In the case of People v. Edward Grimaldi the facts are that Louis E. Drago was retained by the defendant to appear for him on the trial of the indictment for murder in the first degree. After the judgment of conviction and sentence, the defendant presented an affidavit stating that he had exhausted his resources in paying his counsel and that he had no further funds. He prayed the assignment of counsel. The court assigned the trial counsel, Louis E. Drago, who thereupon prepared and served a notice of appeal as required by section 521 of the Code of Criminal Procedure. If counsel for sufficient reason withdraw

from the case the trial court has power to assign counsel for the purpose of taking the appeal. Time moves quickly and the law provides, as has been stated, a very limited period within which an appeal must be taken. From the very necessity of the case, if for no other reason, the trial court has the power to assign counsel after judgment to perfect the defendant's appeal, all the other necessary facts appearing. Drago, the retained attorney, has taken the appeal. This is proper and regular. His assignment is not now in question as the matter of compensation is not before us. The appeal and his appearance here are in harmony with the procedure in other cases. At least there is no conflict between retained and assigned counsel. Assigned with Drago was one William A. Bacher, who joins in this motion, as he did in the notice of appeal.

We see no reason why these attorneys should not continue to represent the defendant on appeal and deny their application for an order confirming the action of the County Court solely because it is unnecessary in view of the usual practice in these matters.

If any change in counsel be desired application can always be made to this court as we again call attention to our power to assign counsel to represent a defendant on appeal in this court where the facts and circumstances make its exercise appropriate.

Motions denied.