ALFRED G. BURNHAM and Others, Plaintiffs, *v.* MATTHEW C. BRUSH and Others, Defendants.

HARRY L. FINK, Plaintiff, *v.* BROOKLYN-MANHATTAN TRANSIT CORPORATION and Others, Defendants.

HARRY J. LONG, Plaintiff, *v.* FRED C. MARSTON and Others, Defendants.

DOROTHY L. ABRAMSON, Plaintiff, *v.* GERHARD M. DAHL and Others, Defendants.

Supreme Court, Special Term, New York County, March 29, 1941.

40

*Boehm & Zeiger*, for the plaintiffs Alfred G. Burnham and others.

*Scribner & Miller*, for the plaintiff Harry L. Fink.

*Milton I. Milvy* [*Joseph Nemerov* of counsel], for the plaintiff Harry J. Long.

*Sidney D. Goldberg*, for the plaintiff Dorothy L. Abramson.

*Cullen & Dykman* for the corporate defendants.

*Mudge, Stern, Williams & Tucker* [*George L. Trumbull* and *Donald Kehl* of counsel], for the defendants Bunker and others.

EDER, J. These actions stem from a common root; each is a derivative stockholder's action brought by one or more minority stockholders of the defendant Brooklyn-Manhattan Transit Corporation against present and past officers and directors thereof and certain other individuals; in each action recovery is sought on behalf of the corporation; hence the real party in interest, on the side of the plaintiffs, is the same in each action. Motion is made by various individual defendants, appearing by the same firm of attorneys, to consolidate the actions and to state and separately number the causes of action, directing that a single amended complaint be served on behalf of the plaintiffs in the consolidated action, pursuant to rule 90 of the Rules of Civil Practice, that one attorney be designated to appear for and receive service of papers for all plaintiffs, and for other and incidental relief.

I feel that the motion as to consolidation and to separately state and number the causes of action should be granted; I am of the opinion that where several causes are pending which might be made the subject of a single action or suit, it is a proper disposition to fuse the several actions with one where this can be done without injury or prejudice to the rights of any party; such has been the practice in suits of this character and I think it is to the best interests of all parties that this should be done here.

The contention offered on behalf of plaintiff Abramson that the action brought by her is one at law and that, therefore, consolidation may not be ordered, is untenable  The complaint is composed of two causes of action; the first cause of action is plainly one in equity; as to the second cause of action it is an attempt to convert the same allegations set out in the first cause of action

into an action at law for money had and received by the inclusion of a phrase to that effect. This is without effect. " The right of a stockholder of a corporation to bring suit to enforce, for the benefit of the corporation, a cause of action, which belongs to the corporation, is purely equitable " (*Koral* v. *Savory, Inc.*, 276 N. Y. 215, 218); and in *Callanan* v. *Keeseville, A. C. & L. C. R. R. Co.* (199 id. 269), which was a derivative stockholder's action, the court said (p. 285): " There was no remedy at law open to the plaintiff, for a representative action. * * * The plaintiff had no standing except in equity * * *."

On the question of the designation of one attorney or firm of attorneys as the general attorney to appear for and accept service for all plaintiffs upon consolidation, this is a matter that is somewhat disturbing. It is urged that the general practice has been to designate as such general counsel the attorney who instituted the first action. This, I feel, is not the proper criterion, but, rather, the designee should be the attorney best qualified and best equipped to render the most efficient service, regardless of the time when the first action was commenced; otherwise a suit first begun but founded on a most meager or superficial knowledge or background, and by an inexperienced lawyer, would result in putting him in commanding position and control, as against suits brought only after a most intensive, careful and painstaking investigation which might extend over a long period of time, and subordinating thoroughly qualified and experienced attorneys. Speed, then, in commencement of suit, rather than care in preliminary investigation, careful acquisition of evidence and the assembling of facts and thorough research of law, would be the governing and determinative factor. This, it seems to me, is an illogical premise upon which to proceed. There can be no inflexible rule and the disposition of each application must necessarily depend and be determined upon the particular facts and circumstances with which it is surrounded.

While I shall make a designation I am not unmindful of the right of a litigant to be represented by counsel of his own choice; this right of a litigant to a counsel of his own selection is generally secured to him by constitutional or statutory provisions, both in civil and criminal cases (U. S. Const. Amendt. VI; State Const. art. 1, § 6; Civ. Prac. Act, § 236; *People* v. *Price*, 262 N. Y. 410; *People* v. *Hull*, 251 App. Div. 40; *Kerling* v. *Van Dusen & Co.*, 109 Minn. 481; 124 N. W. 235; *Matter of Mandell*, 69 F. [2d] 830), and while this right is not a natural right but a creature of positive law, the extent to which it may be impinged is, I think, a matter open to debate. In the *Price* case the court said: " Under both

Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing. Where, therefore, a person appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings." While that principle was enunciated in a criminal case and dealt with constitutional provisions, section 236 of the Civil Practice Act is indicative of the same thought. And in *Matter of Mandell* (*supra*) the court reversed an order imposing an attorney on a trustee in bankruptcy who was not one of his own choice, saying, " * * * in general we regard it as inimical to good administration to fasten an attorney on the trustee against his will."

I do not find any statute clothing this court with express power to compel a litigant to accept a counsel not of his own selection and the decisions appear to proceed upon the theory of compelling convenience. However, for the sake of uniformity I shall adhere to the established practice. Messrs. Boehm & Zeiger and Scribner & Miller have established to my satisfaction that in the instant situation they are best equipped and qualified to render the most efficient service and they are accordingly designated to act as attorneys for the plaintiffs in the consolidated action. Settle order.