**UNITED STATES v. BERGAMO et al.**
No. 9002.

Circuit Court of Appeals, Third Circuit.
Argued Dec. 6, 1945.
Decided Feb. 20, 1946.

Henry E. Skaroff, of Philadelphia, Pa., for appellants.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa. (Frederick V. Follmer, U. S. Atty., of Scranton, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The defendants were convicted of knowingly possessing with the intent to utter and publish as true counterfeit gasoline and counterfeit sugar ration stamps in violation of Section 28 of the Criminal Code, 18 U.S.C.A. § 72. They have appealed. Various grounds for reversal of the judgments of conviction are asserted by the defendants. These, save one, are so lack-ing in merit as to require no extended discussion. The remaining ground, however, is such as to require a new trial. The pertinent facts follow.

The defendants were residents of Newark, New Jersey. It was alleged that they went into the Middle District of Pennsylvania to deliver the counterfeit ration stamps. While in the Middle District they were arrested in Lebanon by Pennsylvania State Police and subsequently were charged with corrupt solicitation under a Pennsylvania criminal statute making attempted bribery of police officers a criminal offense. Convicted, they were sentenced to prison. While in prison some arrangement was made by them whereby they would be released if they would plead guilty to the federal offense hereinbefore described. It was the apparent intention of the defendants to enter their pleas before a judge, since resigned, of the court below. Upon their arrival in Scranton they became aware that the criminal business of the Middle District of Pennsylvania had been placed in the charge of one of the judges of the District Court of the United States for the District of New Jersey by order of the present writer pursuant to the authority of section 13 of the Judicial Code, 28 U.S.C.A. § 17. The defendants then concluded that they would enter pleas of not guilty to the federal indictment and would stand trial. The defendants had been represented by three attorneys, members of the Bar of Pennsylvania. Thereafter, the defendants endeavored to obtain counsel from New Jersey to conduct their defense. They retained Joseph Tedesco, Esquire, a member of the bar of the court below. At or about this time, the defendants retained Angelo Malandra, Esquire, of Camden, New Jersey, a member of the bar of New Jersey. It was apparently the intention of the defendants that Mr. Malandra should actively conduct their defense while Mr. Tedesco should serve them in a more limited capacity as local counsel. Both attorneys are members in good standing of their respective bars. This fact is not questioned.

The defendants had been indicted on May 3, 1945 and were arraigned in Scranton on May 15. Mr. Tedesco appeared for the defendants at their arraignment. The trial was first set for May 21 but was postponed because the trial judge was en-

gaged in the trial of another case. The defendants' case was continued until June 19. Prior to that date Mr. Malandra had called the trial judge on the telephone and had been informed by the latter that he would not be permitted to appear for the defendants and to try their case in Scranton. On June 19 in open court the trial judge reiterated his position. He stated to Mr. Malandra, inter alia, "You are not permitted to practice here. You are not a member of the Bar of the State of Pennsylvania and you are not permitted to practice here. I do not intend to tolerate such a situation. I have been here for more than a year and I never saw a city so well provided with competent counsel and I can't understand what prompted these two defendants to go over to Camden, New Jersey, to engage counsel especially when they themselves come from Newark, New Jersey, which is one hundred miles from Camden. * * * It is possible that my residence in New Jersey has something to do with the choice of counsel. If they thought so, they are sadly mistaken. Let these defendants and others know that while I am here I will not admit to practice in this Court any but members of the Bar, duly admitted to practice in the State of Pennsylvania."

Mr. Tedesco then moved for a continuance on the ground that he was not familiar with the case. The motion was denied and the trial judge stated: "These men have shopped from lawyer to lawyer in New Jersey * * * I have been called by no less than three lawyers on behalf of these defendants and each of them I have told the same thing. They will not be admitted to practice in my Court in Scranton, Pennsylvania." Mr. Tedesco took an exception to this ruling. A jury was drawn and the next morning the trial was proceeded with. Before the Assistant United States Attorney opened to the jury, Mr. Tedesco renewed his motion for a continuance which was denied again. Mr. Malandra was permitted to sit at the counsel table with Mr. Tedesco but he took no part in the proceedings insofar as the record shows and absented himself shortly thereafter on the ground that he was ill. The issues presented were clear-cut and simple and Mr. Tedesco conducted the cross-examination of the witnesses called by the United States with skill and competence. At the close of the Government's case he moved for a directed ver-

dict which was denied. He then stated to the court, "* * * I would like to enter of record; * * * The defendants feel that I have not ably defended them because I wasn't sufficiently prepared and they had hired their own lawyer whom they paid." Mr. Tedesco then moved for a continuance which the court denied pointing out that he had been attorney of record in the case for more than three weeks prior to the trial and that the case had been set for trial for more than three weeks; that he was assisted for the "greater part of the trial" by Mr. Malandra. Mr. Tedesco then stated, "* * * the defendants have no reason to encumber this record by a lot of impertinent matter which is intended only to convey a false impression of the trial and of the manner in which it was conducted. In view of that the defendants waive their right to go on and I will have to waive my right to open to the jury." Each individual defendant then indicated to the court that such was his position.

The court then inquired of Mr. Tedesco, "You are waiving your right to put in any defense?" Mr. Tedesco replied "Any defense and to open and close—what we call here—open or close a case." The court replied, "Yes, I understand." There was further colloquy between the court and Mr. Tedesco in which the Assistant United States Attorney joined, but it is not necessary to repeat it here. Though Mr. Tedesco made use of the word "waived" and spoke of waiving his right to put in "any defense," the term is not aptly descriptive in view of what he had said and what had transpired. It is clear from the context and the background of the trial that Mr. Tedesco was not "waiving" his clients' rights. He intended to inform the court and did in effect inform the court that he felt that he could not proceed in view of his asserted unfamiliarity with the case. It is apparent that Mr. Tedesco was content to stand upon the record which had been made. The defendants put in no defense and the court then charged the jury, which, as we have indicated found both defendants guilty. A motion for a new trial was denied.

Rules 1, 2 and 3 of the Rules of Procedure of the District Court of the United States for the Middle District of Pennsylvania provide for the admission of attorneys for the practice of law in that court

34

as set out in the footnote.[1] Rule 1 is not applicable to Mr. Malandra since he did not reside in the Middle District of Pennsylvania or maintain an office there for the regular practice of law. Rule 2 covers the admission of an out-of-the-district attorney for a particular case and it should be noted that such an attorney "may be admitted specially." The United States contends that such admission is permissive rather than mandatory. Rule 3 provides that in every instance where an attorney not residing in the Middle District of Pennsylvania or maintaining an office therein for the regular practice of law seeks admission he shall be associated with resident counsel.

The Sixth Amendment provides inter alia that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." The Supreme Court has held that the right to the assistance of counsel includes the right to counsel of the defendant's choosing. In Glasser v. United States, 315 U.S. 60, 70 [62 S.Ct. 457, 464, 86 L.Ed. 680], Mr. Justice Murphy citing Powell v. Alabama, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527], stated that "* * * the right to the assistance of counsel is so fundamental that the denial by a state court of a reasonable time to allow the selection of counsel of one's own choosing, and the failure of that court to make an effective appointment of counsel, may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Fourteenth Amendment * * *."[2] Cf. In re Mandell, 2 Cir., 69 F.2d 830, 831, and Smith v. United States, 53 App.D.C. 53, 288 F. 259. In People v. Price, 262 N.Y. 410, 412, 187 N.E. 298, 299, the Court of Appeals of New York stated, "Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing," citing inter alia the Sixth Amendment. See also Burnham v. Brush, 176 Misc. 39, 26 N.Y.S.2d 397, 399 and Kerling v. G. W. Van Dusen & Co., 109 Minn. 481, 483, 124 N.W. 235, 236, 372. The decisions are in accord upon this fundamental proposition. See People v. Shiffman, 350 Ill. 243, 182 N.E. 760 and Walker v. State, 194 Ga. 727, 22 S.E.2d 462. There is no question but that the right to the assistance of counsel for defense means effective assistance. Powell v. Alabama, supra, pages 68–71 of 287 U.S., 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. Assistance is not effective when counsel has insufficient time to prepare his defense. Here again the authorities are in agreement. Rice v. State, 220 Ind. 523, 44

[1] "Rule 1. Persons Entitled to Admission as Attorneys; Oath. Any person of good moral and professional character, residing in the Middle District of Pennsylvania or maintaining an office therein for the regular practice of law, shall be entitled to admission as an attorney and counselor of this Court, if such person shall have been previously admitted to practice in the Supreme Court of the United States, the Circuit Court of Appeals of the Third Circuit or the Supreme Court of Pennsylvania. * * *"

"Rule 2. Admission of Attorneys for Purposes of a Particular Case. Attorneys and counselors admitted to practice before other Courts, who do not possess the full qualifications required by the foregoing rule, may be admitted specially for the purpose of a particular case."

"Rule 3. Non-Resident Attorneys to Have Resident Associate. Any attorney or counselor who is not a resident of this District or does not maintain an office therein for the regular practice of law shall in each proceeding in which he appears have associate counsel, resident of and maintaining an office in the District, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices and other papers may be served in accordance with the rules of this Court.' The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be a sufficient appearance for the party or parties whom he represents."

The rule is similar in substance to the rules for admission to the bar of many of the District Courts. For example, see Rules 3 and 5 of the Rules of the United States District Court for the Southern District of New York.

[2] In the Powell case the Supreme Court included within the purview of the Fourteenth Amendment as a requirement of due process of law the right of an accused, indicted under state law, to counsel to defend him. By analogy, therefore, the guarantees of the Fifth Amendment are as applicable to the facts at bar as those of the Sixth Amendment and an accused who is denied the right to counsel at his trial must be deemed to have been deprived of due process of law.

N.E.2d 829; People v. McLaughlin, 291 N.Y. 480, 53 N.E.2d 356; Walleck v. Hudspeth, 10 Cir., 128 F.2d 343; Commonwealth v. O'Keefe, 298 Pa. 169, 148 A. 73.

 In the case at bar it is unnecessary to decide what might be the law if an out-of-the-district attorney, not in good standing at the bar of which he was a member, had attempted to conduct the defense in the case at bar; nor need we decide the issue of whether a district court of the United States may require out-of-the-district counsel to have associated with him in a criminal case a member of the bar of the district court before which he seeks to appear. If these be necessary conditions they were met in the instant case. To hold that defendants in a criminal trial may not be defended by out-of-the-district counsel selected by them is to vitiate the guarantees of the Sixth Amendment. Under the circumstances of the case at bar the defendants were deprived of the advice of counsel of their own choosing. Nor was their representation effective. Since they were deprived of a constitutional right the judgment of conviction pronounced by the court was void. Johnson v. Zerbst, 304 U.S. 458, 467, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

In so concluding we should make it plain that we do not hold that the provisions of the Rules of Procedure of the court below quoted in footnote 1, and in particular the phrase of Rule 2 "may be admitted specially", do not vest in the District Court a legal discretion to admit or not to admit an out-of-the-district attorney who seeks to try a civil cause before the court. That question is not before us and we do not pass upon it. We do hold that under the circumstances of the case at bar the provisions of the Sixth Amendment required that Mr. Malandra be admitted specially to the bar of the court below in order that he might defend his clients.

While the case is before us we deem it desirable to deal with another issue raised by the defendants. They assert that the attitude and words of the trial judge were such as to prejudice their cause with the jury. We think that a certain acerbity toward the defendants was displayed by the court below and that this is detectable in the trial judge's words and attitude. This took place when the veniremen, from whom the jury was drawn, were present in the court room. It is not necessary to refer to any specific remark or remarks. Doubtless his words and attitude are fairly attributable to his harassment by the numerous attorneys who from time to time asserted that they represented the defendants, or at least were considering such representation, and by the unusual circumstances which surrounded the defendants' case. We are of the opinion that the remarks and attitude of the trial judge did not constitute prejudicial error. They fell below that line. See Glasser v. United States, supra, page 83, of 315 U.S., 62 S.Ct. 457, 86 L.Ed. 680; United States v. Warren, 2 Cir., 120 F.2d 211. A trial judge, however, in every instance should display an attitude of perfect impartiality toward defendants.

The judgments of conviction are reversed and a new trial will be ordered.