Ftjld, J.
(dissenting). We recently held in People v. Kalan (2 N Y 2d 278) that, where a penniless and imprisoned defendant does not have a transcript of the trial minutes, an appellate court’s refusal to appoint counsel is a deprivation of constitutional rights. We are now faced with the question whether, if the defendant happens to have a copy of the minutes, he is entitled to counsel on the appeal. In the light of the court’s decision in Kalan, it seems plain to me that he is and that refusal to appoint such counsel necessitates a reversal.
Whether or not the Federal Constitution guarantees the aid of counsel only at the trial level should not detain us, for the *81 State of New York also has a Constitution, and that document concerns us as much as the other. Indeed, in the Kalan case, this court, citing only provisions of the State Constitution (2 N Y 2d, at p. 280), held that, as to a defendant who lacked the trial minutes, “refusal to assign counsel upon defendant’s request prevented an effective use of the right to appeal in violation of the constitutional guarantees of due process and equal protection. (N. Y. Const., art. I, §§ 6, 11.) ”
I fail to perceive how an imprisoned defendant’s possession of a copy of the minutes of the trial renders use of his right to appeal a whit more effective. If a sense of justice demands that a defendant be furnished with a lawyer at the trial, concepts of fairness require that he have counsel on the appeal. The need is as great in the one case as in the other. Gaining reversal of an improper conviction is no less vital to a defendant whose liberty and reputation are at stake than presenting a defense and obtaining an acquittal from the jury in the first instance.
Nor is the argument of an appeal any less an art, any less a job for the skilled professional, than the conduct of the trial itself. A defendant may, as has been contended, suffer from representation by counsel lacking in adequate experience in the criminal law. That, however, is no answer, for even such counsel is better than none, and, in any event, the possibility that the representation may be inadequate furnishes neither justification nor warrant for denying all legal assistance whatsoever. No matter how intelligent or educated, a layman does not have the know-how to analyze the evidence and evaluate it, much less the special ability necessary to search out errors or argue points of law, even if he may happen to recognize them. Thus, effective submission of an appeal requires more than possession by the defendant of a transcript of the minutes of the trial. Any kind of effective presentation demands the aid of a lawyer, and the defendant’s poverty, the state of his pocketbook, should not be permitted to stand in the way of his obtaining an adequate appellate review. (See Griffin v. Illinois, 351 U. S. 12, 18.)
It is suggested that an appellate tribunal, having the record before it, is entirely competent to review the case and pass upon the merits without the aid of counsel. However, experience has demonstrated that there are just not enough hours in the day to permit judges of busy appellate courts, no matter how conscien *82 tious and willing, to examine and read the records before them as carefully or as critically as single-minded counsel for the appellant. And, if, as is the case where an indigent defendant is involved, there is but one copy of the record, and that typewritten, the task of adequate review without the aid of appellate counsel to point the alleged errors and call attention to the asserted questions of law, some of which might otherwise escape the judges, approaches the impossible.
Actually, our decision in People v. Kalan (supra, 2 N Y 2d 278) confirms the fact that adequate protection of a defendant’s rights demands more than the reviewing court’s possession of the record on appeal. The Appellate Division there had before it the minutes of the trial and if, as this court now suggests, that were enough to protect the defendant, there would have been no reason for reversing the judgment and remitting the case to the Appellate Division. If, in other words, the court had thought that a defendant’s rights were sufficiently safeguarded by the appellate tribunal’s ability to examine the record and itself pass on the merits, the Kalan case would have been differently decided.
The assignment of appellate counsel, it is said, 1 ‘ would be placing an undue burden on the comparatively small number of attorneys trained in the criminal law” (opinion, p. 78). Not only do I entertain some doubts of that, but I believe it beside the point. Whether or no there are more trials than appeals, the fact is that trial judges are daily called upon to assign counsel to indigent defendants, and I have never heard that there has been a dearth of lawyers to represent such defendants, and without compensation. Nor can I subscribe to the thought that but a small coterie of attorneys are qualified to argue a criminal appeal or that a sense of undue burden will deter any appreciable number of lawyers from accepting a court assignment. (See, e.g., People v. Price, 262 N. Y. 410, 412.) But, if the court be right, if only a few attorneys are sufficiently expert to handle an appeal in a criminal cause, it is all the more unfair and unreasonable to require a lay person, totally devoid of training in the law and often poorly educated, to present his appeal without any legal help whatsoever.
Be that as it may, though, and this is the important consideration, the court is and should be concerned with the rights of a *83 defendant, not with the inconvenience or burden imposed on attorneys. And, if to serve without pay proves unduly onerous, the Legislature may relieve or alleviate the situation by providing compensation.
It may well be that the present appeal lacks merit, but we cannot overlook that the court is laying down a principle and rule of law which decides far more than the present appeal, explicitly encompassing as it does “ every post-conviction legal proceeding” that may hereafter arise. To paraphrase wbat Judge Pound wrote in dissent some 35 years ago, “ Although the defendant may be the worst of men ”, and his guilt clear, “ the rights of the best of men are secure only as the rights of the vilest and most abhorrent are protected. ’ ’ (People v. Gitlow, 234 N. Y. 132, 158.)
I would reverse the judgment of conviction and remit the case to the Appellate Division.
Chief Judge Conway and Judges Desmond, Van Voorhis and Burke concur with Judge Froessel ; Judges Dye and Fuld dissent in separate opinions.
Judgment affirmed.