Gabrielli, J. (dissenting).
The principal issue is whether the defendant’s disruptive behavior following the selection of the jury and prior to the denial of his motion to proceed pro se and as cocounsel with his attorney, constituted a substantial threat to the orderly conduct of the trial and worked a forfeiture of his right to self-representation, all at a time when, as conceded and stated by the defendant, he was being represented by “ very competent ” counsel.
The majority now holds that upon a charge for the 1966 slaying of an 89-year-old proprietress of a grocery store in Brooklyn, the defendant is to be tried a third time. The Appellate Division stated that the conviction upon the first trial was reversed because the evidence adduced at a posttrial hearing led to the court’s conclusion “ that the image of justice would be better served by a new trial ” (31 A D 2d 964, 965) and, further, that upon the second trial there was again ample evidence of guilt and that the defendant was not unlawfully deprived of his right to defend himself upon a charge as serious as murder in the circumstances of the case. We agree with the determination of the Appellate Division. While the Trial Judge might (and ought to) have handled the matter with more delicacy we do not feel there to be any reversible error present; and this is so in part because of the abundance of the evidence of guilt *20 (CPL 470.05, subd. 1). Certainly, any alleged error, if such there were, would not have contributed to his conviction.
We do not find, as does the majority, that the record substantiates a holding that the defendant’s unruly and disruptive behavior resulted either from “ a post-ruling outburst ” on his part or that it was the result of goading by the Trial Judge.
Our examination of the colloquy prior to the ruling made by the court does not indicate that the Trial Judge had ruled on defendant’s request prior to his unruly outburst and behavior. In fact, the outburst was in reaction to an aside by the court inquiring whether the trial jury was returning to the courtroom, with a desire as we think, to not have the jurors present during the exchange, and also to permit further argument by defendant. The disruption and outburst, depicted in the majority opinion, occurred following completion of the jury selection and prior to the prosecutor’s opening statement. The Trial Judge, as also found by the Appellate Division, properly exercised the discretion which the law reposed in him.
The Trial Judge was faced with the serious obligation of affording defendant with an adequate defense upon such a serious charge and, in addressing himself to that responsibility, he made inquiry and a statement regarding defendant’s ability to represent himself and, further, had assured himself of defense counsel’s knowledge of and familiarity with the records and proceedings of the first trial.
We recognize, of course, that a defendant possesses the right to defend in person or by counsel of his own choosing (N. Y. Const., art. I, § 6; People v. McLaughlin, 291 N. Y. 480; People v. Price, 262 N. Y. 410; People v. Pitman, 25 A D 2d 637) but it is required that the court be satisfied that there be no serious impediment to a satisfactory or proper defense and, of course, that there be no impediment to the orderly course of the trial.
Even if defendant’s request had been to proceed pro se and not, as here, to permit him to act as cocounsel with his attorney, with all the problems attendant to such a situation, we hold that he had waived such a right by his disruptive behavior (cf. United States v. Dougherty, 473 F. 2d 1113, 1123).
The order of the Appellate Division, affirming the judgment of conviction, should be affirmed.
*21 Chief Judge Breitel and Judges Jones, Rabin and Stevens concur with Judge Wachtler ; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed, etc.