STATE OF NORTH CAROLINA v. EDWARD ANTHONY McFADDEN

No. 57

(Filed 10 May 1977)

1. **Criminal Law § 91.1— motion for continuance — constitutional right — appellate review**

    A motion to continue is ordinarily addressed to the trial judge's sound discretion and his ruling thereon will not be disturbed except upon a showing that he abused that discretion; however, when the motion is based on a constitutional right, the question presented is a reviewable question of law.

2. **Criminal Law § 91.4; Constitutional Law § 40— right to counsel of own choice — denial of continuance — retained counsel in another court — trial by associate**

    The denial of defendant's motion for continuance violated defendant's constitutional right to counsel of his own choice where defendant had retained counsel to represent him; on the day of trial a junior associate of retained counsel moved for a continuance because retained counsel was engaged in a trial in a federal court; the associate stated that he knew nothing about the case, that retained counsel was the only one prepared to try it, and that defendant wanted his retained counsel to represent him; and the court ordered that the trial proceed and that associate counsel represent defendant.

3. **Criminal Law § 91.4; Constitutional Law § 48— effective assistance of counsel — denial of continuance — retained counsel in another court — trial by associate**

    The denial of defendant's motion for continuance violated his constitutional right to the effective assistance of counsel because counsel who represented him at trial did not have a reasonable time to prepare and present a defense where a junior associate of defendant's retained counsel moved for a continuance because the retained counsel was engaged in a trial in a federal court; the trial court ordered that the trial proceed with associate counsel representing defendant; all of the preliminary hearings and preparations for trial had been handled exclusively by retained counsel; the associate met and talked with defendant for the first time about ninety minutes before the case was called for trial; the associate had practiced law for eighteen months and had previously tried only one jury case; and defendant indicated that he wanted his retained counsel to represent him.

    Justice HUSKINS took no part in the consideration or decision of this case.

APPEAL by defendant from *Rousseau, J.,* 5 January 1976 Criminal Session of FORSYTH Superior Court.

Defendant was charged in a bill of indictment with the felonious sale and delivery of cocaine. He employed Mr. Harrell Powell, Jr., to represent him. The case was set and called for trial on 21 January 1976. On that date Mr. Carl Parrish, one of Mr. Powell's junior associates, appeared in court and informed Judge Rousseau that Mr. Powell was engaged in a trial in the United States District Court for the Middle District. He stated that Mr. Powell, who had handled the case from its inception, was the only person prepared to try the case; that he knew nothing about the case and did not even know what type of drug was involved. He further stated that defendant indicated to him that morning that he wanted his retained counsel, Mr. Powell, to represent him in the case. For these reasons Mr. Parrish requested that the case be continued or held open for trial in the event that Mr. Powell should become available.

The record discloses that Mr. Powell had been employed for a period of about five months and that the offense had allegedly occurred on 21 February 1975. Mr. Powell had obtained one previous continuance because of incomplete fee arrangements with his client. On Friday of the previous week, Mr. Powell had asked the District Attorney to continue the case because of his pending case in the United States District Court. The District Attorney advised Mr. Powell that he had subpoenaed his witnesses and that he intended to try the case. He further told Mr. Powell that if he wanted a continuance he would have to get it from the court. In response to the court's inquiry, Mr. Parrish said there were seven other lawyers associated with Mr. Powell.

After hearing Mr. Parrish and the District Attorney, Judge Rousseau ordered that the trial proceed and directed Mr. Parrish to represent defendant. The jury returned a verdict of guilty as charged and the trial judge entered judgment imposing a prison sentence of seven to ten years.

Defendant appealed and the Court of Appeals found no error.

Defendant appealed pursuant to G.S. 7A-30(1) and also petitioned this Court for discretionary review pursuant to G.S. 7A-31. The Attorney General moved to dismiss the appeal on the ground that no substantial constitutional question was presented. On 31 January 1977, we denied the Attorney General's

motion to dismiss and allowed defendant's petition for discretionary review.

*Attorney General Edmisten by Associate Attorney Wilton E. Ragland, Jr. and Associate Attorney Jane Rankin Thompson, for the State.*

*White & Crumpler by Harrell Powell, Jr. and Carl F. Parrish, for defendant.*

BRANCH, Justice.

The sole question presented by this appeal is whether the trial judge erred in denying defendant's motion for a continuance. Defendant argues that the denial of his motion deprived him of his constitutional rights (1) to select counsel of his choice and (2) to have the effective assistance of counsel. We will consider these arguments in the order stated.

[1] It is well established that a motion to continue is ordinarily addressed to the trial judge's sound discretion and his ruling thereon will not be disturbed except upon a showing that he abused that discretion. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526; *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617. However, when a motion to continue is based on a constitutional right, the question presented is a reviewable question of law. *State v. Smathers,* 287 N.C. 226, 214 S.E. 2d 112; *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386; *State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389. The denial of defendant's motion in this case presents constitutional questions.

Justice Ervin, speaking for the court in *State v. Speller,* 230 N.C. 345, 53 S.E. 2d 294, unequivocally declared: "Both the State and Federal Constitutions secure to every man the right to be defended in all criminal prosecutions by counsel whom he selects and retains. N. C. Const., Art. I, sec. 11; U. S. Const., Amend. XIV." The United States Supreme Court recognized this constitutional right in *Powell v. Alabama,* 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55, with this language: "It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." We note parenthetically that this constitutional right does not guarantee to an indigent defendant that the court must appoint counsel of his choice. *State v. Sweezy,* 291 N.C.

366, 230 S.E. 2d 524; *State v. Robinson,* 290 N.C. 56, 224 S.E. 2d 174.

The holding in *United States v. Bergamo,* 154 F. 2d 31, is consistent with *Speller* and *Powell.* There a judge in the Middle District of Pennsylvania refused to permit counsel who was licensed in New Jersey to represent defendants charged with the crime of possessing counterfeit gas and sugar stamps. Upon this ruling associate counsel, a member of the Pennsylvania bar, moved for a continuance on the ground that he was not familiar with the case. The motion to continue was denied. Granting a new trial, the Third Circuit Court of Appeals stated:

> The Sixth Amendment provides inter alia that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." The Supreme Court has held that right to the assistance of counsel includes the right to counsel of the defendant's choosing. In *Glasser v. United States,* 315 U.S. 60, 70 [62 S.Ct. 457, 464, 86 L.Ed. 680], Mr. Justice Murphy citing *Powell v. Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527], stated that " * * * the right to the assistance of counsel is so fundamental that the denial by a state court of a reasonable time to allow the selection of counsel of one's own choosing, and the failure of that court to make an effective appointment of counsel, may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Fourteenth Amendment * * * ." Cf. *In re Mandell,* 2 Cir., 69 F. 2d 830, 831, and *Smith v. United States,* 53 App. D.C. 53, 288 F. 259. In *People v. Price,* 262 N.Y. 410, 412, 187 N.E. 298, 299, the Court of Appeals of New York stated, "Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing," citing inter alia the Sixth Amendment. See also *Burnham v. Brush,* 176 Misc. 39, 26 N.Y.S. 2d 397, 399 and *Kerling v. G. W. Van Dusen & Co.,* 109 Minn. 481, 483, 124 N.W. 235, 236, 372. The decisions are in accord upon this fundamental proposition.

The case of *People v. Brady,* 275 Cal. App. 2d 984, 80 Cal. Rptr. 418, recognizes that the right to be defended by chosen counsel is not absolute. The defendant in that case was convicted of grand theft. On the night preceding the date set

for trial defendant decided to replace his retained counsel because he thought he would fare better with a local, white attorney. His motion for a continuance to secure new counsel was denied. The California Court of Appeals held that, in light of defendant's own inexcusable delay, the refusal of his motion for continuance did not violate due process. We quote from that opinion:

> . . . Due process is not denied every defendant who is refused the right to defend himself by means of his chosen retained counsel; other factors, including the speedy disposition of criminal charges, demand recognition, particularly where defendant is inexcusably dilatory in securing legal representation. . . .

*Accord: People v. Simeone,* 132 Cal. App. 2d 593, 282 P. 2d 971.

In *People v. Crovedi,* 65 Cal. 2d 199, 417 P. 2d 868, 53 Cal. Rptr. 284, defendant was prosecuted for conspiracy to commit grand theft, grand theft and burglary. He retained as his counsel a Mr. Chain, who represented defendant through the fourth day of the trial, at which time he suffered a heart attack and was hospitalized. Three days prior to the date set for the resumption of the trial, the court informed Mr. Younger, a law partner of Mr. Chain, that he was appointed to represent defendant for the remainder of the trial. A one-week continuance was granted during which time defendant unsuccessfully attempted to retain counsel of his own choice. The court ordered the trial to continue with Mr. Younger representing the defendant. The jury returned verdicts of guilty and defendant appealed. The Supreme Court of California, holding this to be a denial of due process of law, stated:

> . . . [T]hough it is clear that a defendant has no *absolute* right to be represented by a particular attorney, still the courts should make all reasonable efforts to ensure that a defendant financially able to retain an attorney of his own choosing can be represented by that attorney. . . . This is especially so when defendant is in no way responsible for the absence of his retained counsel. . . .

> *        *        *

> . . . [T]he state should keep to a necessary minimum its interference with the individual's desire to defend himself

in whatever manner he deems best, using any legitimate means within his resources—and that desire can constitutionally be forced to yield only when it will result in significant prejudice to the defendant or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.

We note the case of *Gomez v. Heard,* 218 F. Supp. 228, *aff'd.* 321 F. 2d 88, because of its factual likeness to the case *sub judice.* In that case defendant was charged with receiving and concealing stolen property. He employed an attorney, Mr. Bernard Golding, to defend him. When the case was called for trial, defendant appeared without counsel and moved for a continuance. His motion was supported by an affidavit signed by attorney Golding stating that Golding was at that time engaged in the trial of a case in another state and praying that the case be continued until such reasonable time as the attorney could appear. The trial judge denied the motion for a continuance, appointed another attorney to represent defendant and proceeded, over defendant's objections, to try the case. The District Court for the Southern District of Texas held in a habeas corpus proceeding that defendant "was denied the right of assistance of counsel of his own choice and that such was a denial of due process of law."

In our opinion *Lee v. United States,* 235 F. 2d 219, clearly states the rule that should be adopted and applied to the facts of the case before us. There the defendant was convicted of assault with a dangerous weapon and assault with intent to kill. He employed two attorneys, Mr. Koonin and Mr. Smith, to represent him. After several continuances the case was set for trial on June 17, 1955, a Friday. That morning attorneys Koonin and Smith obtained the court's permission to withdraw from the case. Defendant advised the court that he had retained another attorney, Mr. Hughes, who was prepared to try the case. When the case was called, Mr. Hughes informed the trial judge that he had previously represented the government's chief witness. Because of a possible conflict of interest, Mr. Hughes was allowed to withdraw from the case. The trial judge thereupon appointed Mr. Koonin, who had withdrawn earlier, to defend the case. The judge denied defendant's request to employ counsel of his choice and refused to continue the case until Mon-

day. Defendant appealed and the Court of Appeals for the District of Columbia, holding this to be error, declared:

> . . . It is a fundamental principle that an accused be permitted to choose his own counsel, the practice of assigning counsel being reserved for cases where the accused cannot or does not select his own. . . .

> . . . [T]he accused's "right to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." But appellant bore no responsibilitiy for being without counsel on the eve of his trial. He had appeared for trial with counsel of his own choosing, and the record does not show that he had anything to do with that counsel's withdrawal by leave of court. However that withdrawal may have obstructed the processes of the court, such obstruction is clearly not chargeable to the appellant and cannot be made the occasion for denying him his constitutional right to counsel of his own choosing. Assuming the trial court has discretion in the matter of how much opportunity is to be afforded the accused for selecting counsel, we think it would abuse that discretion by refusing to continue the trial over a weekend for that purpose unless it clearly appeared that the accused would not find counsel of his own choosing. . . .

[2] In instant case defendant timely exercised his right to select counsel of his choice long before the case was called for trial. The record does not disclose that he had in any way contributed to his counsel's absence. The fact that his counsel had accepted other employment which prevented his presence at the trial cannot be charged to defendant so as to deny him his constitutional right to counsel of his own choice. We find nothing in this record that indicates that defendant exercised his right to select counsel of his choice in a manner calculated to disrupt or obstruct the orderly progress of the court.

[3] The effect of the denial of the defendant's constitutional right to be represented by counsel of his choice is so inter-related with his right to *effective* assistance of counsel that we deem it proper to consider the latter of defendant's two-pronged argument.

It is implicit in the constitutional guarantees of assistance of counsel and confrontation of one's accusers and witnesses against him that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense. However, no set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case. *State v. Vick*, 287 N.C. 37, 213 S.E. 2d 335; *State v. Phillip, supra; State v. Speller, supra; State v. Gibson*, 229 N.C. 497, 50 S.E. 2d 520; *State v. Farrell*, 223 N.C. 321, 26 S.E. 2d 322. In instant case defendant, who was charged with a felony, met and talked with Mr. Parrish for the first time about ninety minutes before the case was called for trial. Mr. Parrish had practiced law for eighteen months and had previously tried only one jury case. He knew nothing about this case until he arrived in court. All of the preliminary hearings and preparations for trial had been handled exclusively by Mr. Powell. Defendant indicated to Mr. Parrish on the day of the trial that he wanted his retained counsel to represent him. Under these circumstances defendant was denied effective assistance of counsel because he and Mr. Parrish did not have a reasonable time in which to prepare and present a defense.

We wish to make it abundantly clear that we do not approve of tactics by counsel or client which tend to delay the trial of cases. Our clogged court dockets and the tortoise-like progress of cases through our courts have caused criticism of, and disrespect for, the entire court system. The public is demanding and the legal profession should be searching for means to expedite the trial of criminal and civil cases without depriving litigants of a fair trial. The judiciary possesses powers to regulate and discipline attorneys who deliberately or negligently impede the progress of our courts. Likewise an accused may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon for the purpose of obstructing and delaying his trial. It might well be said that defendant's chosen counsel acted improvidently in that he did not consult the trial judge concerning a continuance, or in that, being associated with a reputable firm of able lawyers, he did not take steps to prepare one of them for the trial of the case and consult defendant as to the possibility that his associate might proceed with the trial in the event that a continuance was not obtained. However, any fault of counsel without defendant's concurrence cannot be imputed to defendant so as to preclude him from obtaining counsel of his choice.

We hold that under the circumstances of this case, the trial court erred by denying defendant's motion for a continuance, thereby depriving him of a reasonable time in which to obtain counsel of his choice.

This cause is remanded to the Court of Appeals with direction that it be remanded to the Superior Court of Forsyth County for trial in accordance with this opinion.

Reversed and remanded.

Justice HUSKINS took no part in the consideration or decision of this case.