CALABRIA, Judge.
Kenneth Franks ("defendant") appeals from sentences entered upon judgments for speeding 72 m.p.h. in a 55 m.p.h. zone, driving left of the center line, and impaired driving.
On 15 June 2002, Trooper Clay Cogdill ("Trooper Cogdill") of the North Carolina State Highway Patrol operated a stationary VASCAR on U.S. 23 North. At approximately 6:40 p.m., Trooper Cogdill observed defendant pass him in a 1987 Jeep truck at what he estimated to be about 75 m.p.h. in a 55 m.p.h. zone. Trooper Cogdill followed the truck onto Sanderstown Road and clocked the truck traveling at a speed of 72 m.p.h in a 55 m.p.h zone. When Trooper Cogdill activated his blue lights, he observed defendantdrive completely left of the center line around a sharp curve. Trooper Cogdill activated his siren and defendant pulled off to the left side of the roadway.
Trooper Cogdill approached the truck and asked defendant for his driver's license. Defendant presented Trooper Cogdill with an identification card. Trooper Cogdill noticed a strong odor of alcohol about defendant's person and open containers of alcoholic beverages in the bed of defendant's truck and in the passenger area. Trooper Cogdill asked defendant to step out of his vehicle and come back to the patrol vehicle. Once in the patrol vehicle, Trooper Cogdill administered an ALCO-SENSOR test to defendant. As a result of the test, Trooper Cogdill formed an opinion that defendant had consumed a sufficient amount of some impairing substance so as to appreciably impair defendant's mental or physical faculties and arrested him for driving while impaired.
A jury found defendant guilty of speeding, driving left of the center line, and driving while impaired. The trial court consolidated the speeding and left of center convictions, suspended defendant's sixty-day sentence and placed defendant on one year probation. The trial court also sentenced defendant to two years in the North Carolina Department of Correction for the impaired driving conviction. Defendant appeals.
I. Right to Counsel
Defendant first assigns error to the trial court's failure to grant a continuance when the defendant expressed dissatisfaction with his court-appointed counsel's preparation for trial. As soonas defendant's case was called for trial, defendant asked to be heard. Defendant stated that his attorney had not taken any "pictures or anything for the court," that his attorney had only visited him twice while he had been in jail for sixty days, and that his attorney had not obtained a bond reduction. The trial court then asked defendant a few questions. After the trial court determined defendant had not retained another attorney and that he had been present when the calendar was called, the trial court proceeded to trial. Defendant argues that the trial court's actions violated his right to counsel. We disagree.
The right to counsel, which is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I of the North Carolina Constitution, includes the right of an indigent defendant to appointed counsel. See State v. McFadden, 292 N.C. 609, 611-12, 234 S.E.2d 742, 744 (1977); Gideon v. Wainwright, 372 U.S. 335, 342-43, 9 L. Ed. 2d 799 (1963). See also N.C. Gen. Stat. § 7A-450 (2003). A defendant who retains private counsel has a Sixth Amendment right to counsel of his choosing. McFadden, 292 N.C. at 612, 234 S.E.2d at 745. But where a defendant is assigned appointed counsel, he may not demand counsel of his choice. State v. Anderson, 350 N.C. 152, 167, 513 S.E.2d 296, 305 (1999), cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326 (1999). "A defendant does not `have the right to insist that new counsel be appointed merely because he has become dissatisfied with the attorney's services.'" Anderson, 350 N.C. at 167-8, 513 S.E.2d at 306 (quoting State v. Hutchins, 303 N.C. 321, 335, 279 S.E.2d788, 797 (1981)). As our Supreme Court stated in State v. Gary, 348 N.C. 510, 501 S.E.2d 57 (1998),
[a] disagreement between the defendant and his court-appointed counsel over trial tactics is not sufficient to require the trial court to replace court-appointed counsel with another attorney. In order to be granted substitute counsel, `"the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust verdict."'
Id. at 516, 501 S.E.2d at 62 (citations omitted).
The record does not reveal why defendant waited until the day his case was called for trial to employ counsel. Moreover, the reasons for defendant's dissatisfaction with counsel were unsupported allegations that counsel was not acting in defendant's best interests. "Nothing in the record indicates that [counsel] was not qualified to represent defendant in this case. Nor is there any evidence that [counsel] did not serve as a zealous advocate for defendant throughout the entire time in which he represented [him]." Anderson, 350 N.C. at 152, 167, 513 S.E.2d at 306. Furthermore, defendant has failed to show how "he was materially prejudiced by the denial of his motion." State v. Covington, 317 N.C. 127, 130, 343 S.E.2d 524, 526 (1986). The trial court did not abuse its discretion or deprive defendant of his constitutional right to be represented by counsel at his trial. Accordingly, we hold that this assignment of error is without merit.
II. Failure to Intervene Ex Mero Motu
Defendant also assigns error to the trial court allowing Trooper Cogdill to testify about defendant's possession of a knifewhen no weapons offense was at issue. The State correctly notes defendant did not preserve this argument for appellate review. The record shows that defendant did not object at trial nor did he move to strike the testimony, thereby failing to preserve his arguments. See N.C. R. App. P. 10(b)(1) (2004). Although defendant attempts to argue that the trial court should have intervened ex mero motu, where a criminal defendant fails to object to the admission of certain evidence, the plain error analysis, rather than the ex mero motu or grossly improper analysis, is the applicable standard of review. Gary, 348 N.C. at 518, 501 S.E.2d at 63. Defendant has not specifically and distinctly claimed that allowing the testimony was plain error. See N.C. R. App. P. 10(c)(4) (2004); State v. Scott, 343 N.C. 313, 332, 471 S.E.2d 605, 616 (1996). Therefore, he has not preserved this assignment of error for appeal. Id.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).