IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1157

 Filed: 17 September 2019

Mecklenburg County, Nos. 17 CRS 204615, 024833

STATE OF NORTH CAROLINA

 v.

STEVIE GOODWIN, JR., Defendant.

 Appeal by Defendant from judgment entered 4 May 2018 by Judge Jeffrey P.

Hunt in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 May

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General T. Hill Davis,
 III, for the State.

 Unti & Smith, PLLC, by Sharon L. Smith, for defendant-appellant.

 MURPHY, Judge.

 Where an indigent defendant requests a change of counsel from a court-

appointed attorney to a private attorney during a pre-trial hearing, a trial court

commits structural error when it makes its decision based solely on the effective

assistance of the appointed attorney. Here, the trial court committed a structural

error when it denied Defendant’s request for new counsel using the standard for

hearing an ineffective assistance of counsel argument rather than the standard for a

counsel of choice argument. We reverse the trial court’s denial of the right to hire

new counsel and remand for a new trial.
 STATE V. GOODWIN

 Opinion of the Court

 BACKGROUND

 On 5 February 2017 at approximately 1:00 A.M., Officer Taylor Lee Hager

(“Officer Hager”) and his partner stopped a vehicle when they observed it had an

expired registration tag. The vehicle contained Defendant in the front passenger

seat, the driver, and another passenger in the back seat. An officer recognized the

back-seat passenger as an individual with several outstanding felony warrants and

subsequently arrested him.

 After the arrest, Officer Hager noticed an open beer bottle in the vehicle and

asked Defendant to step out. When Defendant exited the vehicle, Officer Hager

“smell[ed] an odor of marijuana coming from his person.” Officer Hager performed a

pat down on Defendant to ensure he was not armed. During this pat down, Officer

Hager felt a small metal container used as a keychain in Defendant’s pocket. Relying

on his prior experience in law enforcement, Officer Hager suspected that the keychain

hid controlled substances. Officer Hager opened the container and found inside what

was later identified as Oxycodone and methamphetamine. Cocaine was also found in

the glove compartment of the vehicle.

 Defendant was charged with possession of cocaine and possession of

methamphetamine. For the entirety of his trial, Denzil Forrester (“Forrester”) was

Defendant’s court-appointed counsel. Forrester filed a motion to suppress evidence

of the drugs found on Defendant during Officer Hager’s pat down. However,

 -2-
 STATE V. GOODWIN

 Opinion of the Court

Forrester omitted the required affidavit for the motion to be treated as a motion to

suppress, thus making it a motion in limine, which the trial court denied.

 After his motion in limine was denied—and immediately prior to jury

selection—Defendant requested new counsel, explaining to the trial court that he

believed Forrester was not competent to represent him because they could not agree

on which witnesses to call and could not properly communicate. Defendant also said

he wanted to hire a private attorney and could acquire the money to pay for one. In

response, Forrester moved to withdraw from his representation of Defendant. The

trial court denied Defendant’s request as well as Forrester’s, stating, “The Court

deems there not to be an absolute impasse in regards to this case so far.”

 Forrester continued as Defendant’s counsel, and, at the trial’s conclusion, the

jury found Defendant guilty of possession of methamphetamine and not guilty of

possession of cocaine. Defendant was sentenced to an active sentence of 37-57 months

imprisonment. He timely appeals.

 ANALYSIS

 Defendant presents two arguments on appeal: (1) that the trial court

committed plain error when it admitted evidence obtained during the search

subsequent to the pat down and (2) that the trial court committed a structural error

when it denied his request for new, chosen counsel. We first address the choice of

 -3-
 STATE V. GOODWIN

 Opinion of the Court

counsel issue, and conclude the trial court committed structural error by applying the

incorrect standard in resolving Defendant’s request to hire private counsel.

 Defendant contends that the trial court committed a structural error when it

used the ineffective assistance of counsel standard established in State v. Ali, 329

N.C. 394, 402, 407 S.E.2d 183, 188 (1991), to deny his request for chosen counsel.

Defendant asserts the standard from State v. McFadden, 292 N.C. 609, 613-14, 234

S.E.2d 742, 746 (1977), was instead appropriate. The State argues Defendant tried

to replace Forrester on ineffective-assistance-of-counsel grounds and, therefore, the

trial court used the correct standard. After a thorough review, we agree with

Defendant.

 A structural error is one that “should not be deemed harmless beyond a

reasonable doubt” because “it ‘affect[s] the framework within which the trial

proceeds,’ rather than being ‘simply an error in the trial process itself.’” Weaver v.

Massachusetts, 137 S. Ct. 1899, 1907, 198 L. Ed. 2d 420, 431-32 (2017) (citing Arizona

v. Fulminate, 499 U.S. 279, 309-10, 113 L. Ed. 2d 302, 331 (1991)) (alteration in

original). “The purpose of the structural error doctrine is to ensure insistence on

certain basic, constitutional guarantees that should define the framework of any

criminal trial.” Id. “Thus, in the case of a structural error where there is an objection

at trial and the issue is raised on direct appeal, the defendant generally is entitled to

 -4-
 STATE V. GOODWIN

 Opinion of the Court

‘automatic reversal’ regardless of the error’s actual ‘effect on the outcome.’” Id. at

1910, 198 L. Ed. 2d. at 434.

 The Supreme Court of the United States has repeatedly held that “erroneous

deprivation of the right to counsel of choice, ‘with consequences that are necessarily

unquantifiable and indeterminate, unquestionably qualifies as structural error.’”

United States v. Gonzalez-Lopez, 548 U.S. 140, 150, 165 L. Ed. 2d 409, 420 (2006)

(quoting Sullivan v. Louisiana, 508 U.S. 275, 281-82, 124 L. Ed. 2d 182, 191 (1993)).

Therefore, if we determine that the trial court erred in any manner that deprived

Defendant of his right to choice of counsel, we must order a new trial.

 The most frequently cited of our Supreme Court’s cases regarding a

defendant’s constitutional right to chosen counsel is State v. McFadden, 292 N.C. 609,

234 S.E.2d 742 (1977). In McFadden, the defendant argued the trial court infringed

on his right to be represented by the counsel of his choice when it denied a

continuance for his case and thereby forced an attorney unfamiliar with the case to

become his primary counsel on short notice. Id. at 612, 234 S.E.2d at 744-45. Holding

this to be a violation of the defendant’s constitutional rights, our Supreme Court

reasoned:

 [T]he state should keep to a necessary minimum its
 interference with the individual's desire to defend himself
 in whatever manner he deems best, using any legitimate
 means within his resources—and that desire can
 constitutionally be forced to yield only when it will result
 in significant prejudice to the defendant or in a disruption

 -5-
 STATE V. GOODWIN

 Opinion of the Court

 of the orderly processes of justice unreasonable under the
 circumstances of the particular case.

Id. at 613-14, 234 S.E.2d at 746 (quoting People v. Crovedi, 417 P.2d 868, 874, 65 Cal.

2d 199, 208, 53 Cal. Rptr. 284, 290 (1966)) (alteration in original).

 Under our reading of McFadden, when a trial court is faced with a Defendant’s

request to substitute his court-appointed counsel for the private counsel of his

choosing, it may only deny that request if granting it would cause significant

prejudice or a disruption in the orderly process of justice. The most common example

of a situation where a defendant’s request is properly denied is where he seeks to

weaponize his right to chosen counsel “for the purpose of obstructing and delaying his

trial.” Id. at 616, 234 S.E.2d at 747; see also State v. Chavis, 141 N.C. App. 553, 562,

540 S.E.2d 404, 411 (2000). In Chavis, for example, the trial court denied an indigent

defendant’s request for a private attorney, which he made on the morning of his trial.

Id. We upheld the trial court’s ruling, citing the timing of the request as the primary

reason for our decision. Id.

 A somewhat related standard is that described in State v. Ali, where our

Supreme Court held that “when counsel and a fully informed criminal defendant

client reach an absolute impasse as to . . . tactical decisions, the client’s wishes must

control; this rule is in accord with the principal-agent nature of the attorney-client

relationship.” Ali, 329 N.C. at 404, 407 S.E.2d at 189. Because the defendant in Ali

had not reached an absolute impasse with his attorney regarding the direction of his

 -6-
 STATE V. GOODWIN

 Opinion of the Court

trial, our Supreme Court held that he was “not denied effective assistance of counsel.”

Id. at 404, 407 S.E.2d at 189-90. That decision remains binding, but is inapplicable

where, as here, the defendant is seeking the counsel of his choice rather than arguing

that he has received ineffective assistance. See Gonzalez-Lopez, 548 U.S. at 146-48,

165 L. Ed. 2d at 418-19 (explaining the difference between the right to be assisted by

the counsel of one’s choice and the right to receive effective assistance of counsel).

 Reviewing the transcript from Defendant’s trial, the trial court mistakenly

relied upon the absolute impasse standard in ruling on his request for new counsel,

stating, “The Court deems there not to be an absolute impasse in regards to this case

so far.” Again, this standard was incorrect because Defendant’s request was an

assertion of his right to be represented by the counsel of his choice; not an argument

regarding the effectiveness of Forrester’s representation. Defendant wanted to hire

a new, private attorney to replace Forrester and asked the trial court for permission

to do so. Although Defendant expressed doubts about Forrester’s competency to the

trial court, that alone is insufficient to transform his request into an argument

regarding effective assistance of counsel, as the trial court concluded; instead, it

supports Defendant’s assertion that he was entitled to hire counsel of his choice,

which was not Forrester.

 It is within the trial court’s discretion to decide whether allowing a defendant’s

request for continuance to hire the counsel of his choice would result in “significant

 -7-
 STATE V. GOODWIN

 Opinion of the Court

prejudice . . . or in a disruption of the orderly processes of justice [that is]

unreasonable under the circumstances of the particular case.” McFadden, 292 N.C.

at 613-14, 234 S.E.2d at 746. The trial court did not make such a determination in

this case. It made no findings of fact indicating that the timing or content of

Defendant’s request may have been improper or insufficient. Instead, by

misapprehending the law and employing the incorrect standard in resolving

Defendant’s request, the trial court failed to properly exercise discretion. Affirming

the trial court’s denial of Defendant’s request would implicitly endorse the use of an

incorrect standard for the right to counsel of choice and a structural error that

violated Defendant’s Sixth Amendment rights. We must vacate the judgment and

remand for a new trial.

 Because we hold the trial court committed a structural error when it applied

the incorrect standard in analyzing Defendant’s request for new counsel, we need not

reach Defendant’s other argument on appeal, which may not recur in his new trial.1

See, e.g., State v. Long, 196 N.C. App. 22, 41, 674 S.E.2d 696, 707 (2009) (“As we are

granting defendant’s request for a new trial, and the other issues he has may not be

repeated in a new trial, we will not address his other [arguments on appeal].”).

 CONCLUSION

 1 Additionally, even if we are presented with Defendant’s remaining argument in a subsequent
appeal, it is likely we would not be reviewing it solely for plain error as we would in the instant appeal.

 -8-
 STATE V. GOODWIN

 Opinion of the Court

 The record reflects Defendant asserted his right to hire chosen counsel and the

trial court treated that request as an ineffective assistance of counsel claim,

evaluating Defendant’s request accordingly. We vacate the entry of judgment of

conviction against Defendant and remand the case for a new trial.

 VACATED AND REMANDED.

 Judges DIETZ and COLLINS concur.

 -9-