STATE OF NORTH CAROLINA v. STEPHEN J. MAHER

No. 11PA82

(Filed 4 May 1982)

**Criminal Law § 91.4; Constitutional Law § 48— effective assistance of counsel— denial of continuance—inadequate time to prepare defense**

The denial of defendant's motion for continuance violated his Sixth Amendment right to the effective assistance of counsel because his trial attorney did not have a reasonable time to prepare and present a defense where defendant's privately retained counsel who had prepared the case for trial withdrew as defendant's attorney four days prior to trial; the trial attorney was then retained by defendant and entered an appearance in the case through his assoicate on that same day; when the case was called for trial, the trial attorney stated to the court that he had been unable to prepare the case for trial due to the shortness of time and his involvement in another trial in a federal court; the attorney told the court that the only information he knew about the case had come from defendant's former attorney and involved a plea bargain arrangement, the terms of which he did not understand; and the attorney was then given fifteen minutes to confer with defendant and the trial then began.

Justice MITCHELL concurs in the result.

Justice BRITT dissenting.

Justices COPELAND and MEYER join in the dissenting opinion.

ON appeal from the decision of the Court of Appeals reported at 54 N.C. App. 639, 284 S.E. 2d 351 (1981), affirming judgments imposed by *Barefoot, Judge,* at the 24 November 1980 Criminal Session of Superior Court, CARTERET County.

By this appeal we consider whether the trial court's denial of defendant's motion to continue operated, under the facts of this case, to deprive defendant of his constitutional right to effective assistance of counsel.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Office of the Appellate Defender, by Appellate Defender Adam Stein and Ann B. Petersen, admitted pro hac vice, for the defendant-appellant.*

CARLTON, Justice.

I.

Defendant was arrested in Raleigh on 27 July 1980 for the sale and delivery of the controlled substance methaqualone and for possession with intent to sell and deliver the controlled substance methaqualone. Counsel was appointed to represent defendant and his co-defendant, Laurence Edward Whittis, but in early August they retained private counsel, Daniel Work. Defendant agreed to waive venue on 12 August 1980 and the case was transferred to Carteret County on 26 August 1980.

Although defendant was originally indicted for possession with intent to sell and sale of methaqualone, subsequent laboratory tests indicated that the substance in the tablets allegedly sold by defendant was diazepam, also a controlled substance. On 17 November 1980 new indictments were returned which charged defendant with possession and sale of diazepam. These indictments were issued on 17 November 1980 and were served on defendant on 20 November 1980. On 19 November, Mr. Work appeared before the court and requested that he be allowed to withdraw as counsel for the defendant because of a conflict of interest. Judge DeRamus granted the motion to withdraw. On that same day, Allen King, an associate of Reginald Frazier, defendant's trial counsel, appeared before Judge DeRamus and in-

State v. Maher

formed him that Frazier had been retained to represent defendant. At that time Work reportedly told the judge that he had the case ready for trial and that he would assist Frazier in preparing for trial. King was told by the prosecutor, George Beswick, on Thursday, 20 November, that that the case would be called for trial on Monday, 24 November. King advised the court that Frazier was involved in a rape trial in Camp Lejeune which was expected to last the rest of that week and part of the next. He moved for a continuance and the motion was denied.

The case was called for trial on 24 November 1980 and Frazier, appearing for defendant, moved for a continuance on the grounds of lack of time for adequate preparation and of his involvement in a trial in progress in federal court. He told Judge Barefoot that he had been unable to prepare the case and had not even talked with defendant. The judge denied the motion to continue, and Frazier moved to be permitted to withdraw. This motion was likewise denied. A colloquy among the court, the district attorney and Fraizer then ensued. Frazier advised the court, "I can say I am totally unprepared to render to this defendant competent, effective assistance of counsel." Judge Barefoot then advised Frazier, "I will give you 15 minutes to talk to him, but we will try him in 15 minutes." The court then recessed for fifteen minutes and the case proceeded to trial.

The jury returned verdicts of guilty of possession with intent to sell and deliver diazepam and of sale and delivery of diazepam. Defendant was sentenced to three to four years' imprisonment for possession and was given a consecutive sentence of three to four years' imprisonment for the sale and delivery.

Defendant appealed to the Court of Appeals. That court, in an opinion by Chief Judge Morris in which Judges Hedrick and Wells concurred, found no error. Defendant gave notice of appeal to this Court on the basis of a substantial constitutional question pursuant to G.S. 7A-30(1) and alternatively petitioned our discretionary reivew pursuant to G.S. 7A-31. The Attorney General moved to dismiss the appeal on the ground that no substantial constitutional question was presented. On 14 January 1982, we allowed defendant's petition for discretionary review and denied the Attorney General's motion to dismiss.

## II.

The question dispositive of this appeal is this: Under the facts of this case, did the trial court's denial of defendant's motion for a continuance operate to deprive defendant of his constitutional right to effective assistance of counsel? To answer the issue so posited, we must determine whether, because of the refusal to allow a continuance, defendant's attorney had adequate time to investigate, prepare and present a defense. The issue is *not* as incorrectly assumed by the Court of Appeals, whether defendant actually suffered prejudice by virtue of defense counsel's performance at trial. We are here concerned with the relationship between defendant's sixth amendment guarantee of effective assistance of counsel of his own choosing and the implicit constitutional guarantee that an accused and his counsel shall have a reasonable time to investigate, prepare and present defendant's defense. We have previously addressed this bifocal constitutional guarantee in *State v. McFadden*, 292 N.C. 609, 234 S.E. 2d 742 (1977), and find that decision controlling here.

Although a motion for a continuance is ordinarily addressed to the discretion of the trial judge and is reviewable only upon a showing of an abuse of discretion, when the motion is based on a constitutional right the ruling of the trial judge is reviewable on appeal as a question of law. *E.g., State v. McFadden*, 292 N.C. 609, 234 S.E. 2d 742. Defendant's motion for a continuance in this case was based on his constitutional right to effective assistance of counsel and, thus, is fully reviewable as a question of law.

Defendant's claim here is based not on his attorney's competency or performance at trial, but on the adequacy of the time given his attorney to prepare for trial. The record discloses the relevant circumstances to be these: Defendant's privately retained counsel, Daniel Work, who had prepared the case for trial, withdrew as defendant's attorney four days prior to trial. Frazier was retained by defendant and entered an appearance in the case through his associate, Allen King, on that same day. The court was informed that Frazier was then trying a case in federal court which was expected to last into the next week. On Monday, 24 November, Frazier appeared with defendant for the first time. He stated to the court that he had been unable to prepare the case for trial due to the shortness of time and his involvement in

another trial. Frazier told the court that the only information he knew about the case had come from Work and involved a plea bargain arrangement, the terms of which he did not understand. Frazier was given fifteen minutes to confer with defendant and the trial began.

As stated by Justice (now Chief Justice) Branch in *McFadden,*

> It is implicit in the constitutional guarantees of assistance of counsel and confrontation of one's accusers and witnesses against him that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense. However, no set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case.

292 N.C. at 616, 234 S.E. 2d at 747. In *McFadden,* defendant had retained private counsel, Mr. Powell, who had investigated and prepared the case for trial. On the morning of the trial, Powell's associate, Mr. Parrish, appeared and informed the court that Powell was engaged in another trial. The court denied defendant's motion for a continuance and directed Parrish to represent defendant. In granting defendant a new trial, this Court stated:

> In instant case defendant, who was charged with a felony, met and talked with Mr. Parrish for the first time about ninety minutes before the case was called for trial. Mr. Parrish had practiced law for eighteen months and had previously tried only one jury case. He knew nothing about this case until he arrived in court. All of the preliminary hearings and preparations for trial had been handled exclusively by Mr. Powell. Defendant indicated to Mr. Parrish on the day of the trial that he wanted his retained counsel to represent him. Under these circumstances defendant was denied effective assistance of counsel because he and Mr. Parrish did not have a reasonable time in which to prepare and present a defense.

*Id.* Although the circumstances of this case are somewhat different from *McFadden* in that defendant here was in fact represented by the attorney he chose to represent him, the remaining factors are remarkably similar. The attorney who

represented the defendant at trial, both here and in *McFadden*, had not prepared the case, had not met with the defendant prior to the morning of trial, and was given little time in which to prepare a defense. Counsel in *McFadden* talked with the defendant for ninety minutes prior to the trial; counsel here was given fifteen minutes. Under these circumstances, where counsel is retained only four days prior to trial through no fault of defendant's, is concurrently involved in another trial, and is allowed only a few minutes to confer with his client prior to trial, failure of the trial court to grant a continuance denied defendant effective assistance of counsel.

The Court of Appeals rejected defendant's constitutional claim because he failed to show that the denial of his continuance motion resulted in prejudice. In support of this holding the court cited *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973), and *State v. Moses*, 272 N.C. 509, 158 S.E. 2d 617 (1968) (per curiam). These cases do indeed hold that defendant must prove both error and prejudice in the denial of his continuance motion in order to entitle him to a new trial. The prejudice which must be shown, according to the Court of Appeals' opinion, is that the trial was a "farce and mockery of justice."[1] *See State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974). In *Sneed* defendant claimed that his attorney was so incompetent as to render his assistance ineffective and, in order to show that he had been denied the right to counsel, he, of necessity, had to prove that the trial was a farce and mockery of justice. In other words, this defendant had to prove the prejudice, the farce and mockery, in order to prove the claim of ineffective assistance of counsel. In *Moses*, defendant made only a general constitutional challenge to the denial of his motion for continuance, and the *Robinson* facts indicated that defense counsel had had an adequate time to prepare for trial. Moreover, Robinson asked for the continuance on the ground that he wanted to be tried before a different judge and no need for additional time to prepare for trial was mentioned. Defendant here

---

1. For cases in which the standard of representation, "within the range of competence demanded of attorneys in criminal cases," has been applied, *see State v. Misenheimer*, 304 N.C. 108, 282 S.E. 2d 791 (1981); *State v. Milano*, 297 N.C. 485, 256 S.E. 2d 154 (1979). We are not confronted in this case with the question of what is the standard against which an attorney's performance in a criminal trial is to be measured, nor do we purport to decide that issue.

does not claim that his attorney was incompetent, but that the attorney was given inadequate time to prepare for trial. Once the inadequacy of time to prepare is shown, prejudice from the denial of his constitutional right is presumed under G.S. 15A-1443(b), and the burden falls on the State to show beyond a reasonable doubt that the error was harmless. The State has not done so here.

The Court of Appeals erred in addressing this appeal as though it involved the traditional claim of ineffective assistance of counsel by virtue of inadequate performance of counsel at trial. Unquestionably, prejudice to defendant resulting from counsel's performance at trial must be shown by defendant in that instance. Here, however, the questions are altogether different. Neither performance of counsel at trial nor any resulting prejudice to defendant are relevant. Under the authority of *McFadden*, a defendant's constitutional right to effective assistance of counsel implicitly guarantees defendant, as a matter of law, the right for him and his attorney to have adequate time to prepare a defense. In this instance, the error occurs before the trial even begins. Prejudice is presumed because no one can be certain how trial counsel might have been able to perform if he had had adequate time to perpare for trial. Thus, failure of the trial court to grant a motion to continue which is essential to allowing adequate time for trial preparation, unless the State can prove the absence of prejudice, operates to deny defendant his right to effective assistance of counsel.

In light of the foregoing, we wish to make it abundantly clear that we offer no opinion on Mr. Frazier's performance at trial or on the propriety of his alleged conflict with a trial in another court. The trial court made no findings of fact with respect to the latter and we are bound by the record before us. The record discloses that Mr. Frazier was retained four days prior to this defendant's trial (a Saturday and Sunday included) while he was appearing as counsel in a trial in another court and that he was allowed to consult with defendant for only fifteen minutes prior to the trial of a case with which he was unfamiliar.

Nor is this Court inadvertent to Mr. Frazier's reputation for utilizing delaying tactics in the trial courts in the past. Again, however, we are bound by the facts revealed in the record before us now. As noted in *McFadden*,

The record does not disclose that [defendant] had in any way contributed to his counsel's absence. The fact that his counsel had accepted other employment which prevented his presence at the trial cannot be charged to defendant so as to deny him his constitutional right to counsel of his own choice. We find nothing in this record that indicates that defendant exercised his right to select counsel of his choice in a manner calculated to disrupt or obstruct the orderly progress of the court.

292 N.C. at 615, 234 S.E. 2d at 746-47.

So it is here. While this defendant did have the benefit of his chosen counsel at trial, he was clearly denied the right to adequate time for him and his counsel to prepare for trial. There is nothing in this record to indicate that defendant chose Mr. Frazier in order to obstruct the orderly progress of the court.

We also wish to reiterate Chief Justice Branch's admonition in *McFadden*:

We wish to make it abundantly clear that we do not approve of tactics by counsel or client which tend to delay the trial of cases. . . . The judiciary possesses powers to regulate and discipline attorneys who deliberately or negligently impede the progress of our courts. Likewise an accused may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon for the purpose of obstructing and delaying his trial. It might well be said that defendant's chosen counsel acted improvidently in that he did not consult the trial judge concerning a continuance, or in that . . . he did not take steps to prepare [an associate] for the trial of the case and consult defendant as to the possibility that his associate might proceed with the trial in the event that a continuance was not obtained. *However, any fault of counsel without defendant's concurrence cannot be imputed to defendant so as to preclude him from obtaining counsel of his choice.*

292 N.C. at 616, 234 S.E. 2d at 747 (emphasis added).

Defendant also contends that certain comments made by the district attorney during the closing argument amounted to an im-

permissible comment on his fifth amendment right to remain silent. Because these comments may not be repeated on retrial, we do not address this contention.

In summary, we find that the trial court's denial of defendant's motion for a continuance infringed upon defendant's constitutional right to effective assistance of counsel and that he is entitled to a new trial on both charges. The decision of the Court of Appeals is reversed and the cause is remanded to that court with instructions to remand to the Superior Court, Carteret County, for a new trial.

Reversed and remanded.

Justice MITCHELL concurs in the result.

Justice BRITT dissenting.

I respectfully dissent, and vote to affirm the decision of the Court of Appeals.

The majority awards defendant a new trial on the ground that his constitutional rights were violated when the trial court did not afford him and his counsel adequate time to prepare for trial. I do not think there are sufficient established facts in the record to justify this determination. In my view the majority opinion creates another stumbling block in bringing defendants to trial.

In *State v. McFadden,* 292 N.C. 609, 234 S.E. 2d 742 (1977) this court said:

> It is implicit in the constitutional guarantees of assistance of counsel and confrontation of one's accusers and witnesses against him that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense. However, no set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case. (Citations.)

292 N.C. at 616.

The burden is on defendant to show that he and his counsel were not afforded adequate time to prepare for trial. *State v.*

*Sneed,* 284 N.C. 606, 201 S.E. 2d 867 (1974). In my view, defendant has not carried that burden. The record indicates that he and Attorney King were notified one week prior to 24 November 1980 that the case would be called for trial on that date; that defendant's prior counsel, Attorney Work, had engaged in considerable discovery and investigation and at least four or five days prior to trial offered to provide defendant's new counsel with the results of his labors; that Attorney King made a motion for continuance on Thursday before the trial on Monday and the court denied the motion; and that the district attorney advised defendant himself on Thursday or Friday that the case would be called on Monday. In awarding a new trial the majority is assuming, among other things, that at no time between 19 November 1980 and 24 November 1980 did defense counsel have an opportunity to talk with defendant, confer with Attorney Work and otherwise prepare for trial.[1] There is nothing in the record showing that Attorney Frazier attempted to do any of these things or that defendant attempted to contact his attorney between Thursday and Monday. Although the record indicates that Attorney Frazier was engaged in the trial of a criminal matter at Camp Lejeune, the record does not disclose when he ceased working on that matter prior to 24 November.

The ground upon which the majority awards a new trial should be addressed in a motion for appropriate relief as provided by G.S. 15A-1415. Under that procedure the trial court could receive sworn testimony from Attorneys King and Frazier and defendant on the question of why they did not have adequate time to prepare for trial.

The majority relies strongly on the decision of this court in *State v. McFadden, supra,* in which this court granted the defendant a new trial for the reason that his counsel was not given adequate time to prepare for trial. The facts in that case are distinguishable from the facts of the case at hand.

In *McFadden,* the defendant had employed Attorney Powell to represent him. On the day of trial, Mr. Parrish, one of Mr.

---

1. It is true that a weekend is included in that period of time. I know of no statute, rule of court or canon of ethics that prevents an attorney from working on a weekend when he knows his client's case is set for trial on Monday.

Powell's junior associates, appeared before the trial judge and advised him that Mr. Powell was at that time engaged in a trial in the U.S. District Court; that Mr. Powell was the only person prepared to try the case; and that he (Mr. Parrish) knew nothing about the case. The record further reveals that Mr. Parrish had practiced law for only 18 months and had previously tried only one jury case. The trial judge denied the motion for continuance and directed Mr. Parrish to represent defendant.

In the case at hand, Attorney King, an associate of Attorney Frazier, was involved in the case for at least five days prior to trial. There is nothing in the record showing his experience in the trial of cases. On the day of trial, Attorney Frazier appeared and moved for a continuance on the ground that he was not prepared. His only explanation for not being prepared was that he had been engaged in the trial of a federal matter; he gave no further specifics. It will be noted that irrespective of the federal case, Attorney Frazier was in superior court on Monday and proceeded to represent defendant when required to do so.

I vote to affirm the Court of Appeals.

Justices COPELAND and MEYER join in this dissenting opinion.