STATE OF NORTH CAROLINA v. JERRY MARTIN

No. 8229SC1168

(Filed 20 September 1983)

**1. Constitutional Law § 48— denial of continuance—no denial of effective assistance of counsel**

A defendant tried for felonious escape was not denied the effective assistance of counsel because counsel was appointed only six working days prior to trial where defendant twice met with his attorney, and where the factual issues involved in the case were relatively simple.

**2. Constitutional Law § 68— denial of continuance—no violation of right to confront witnesses**

The denial of defendant's motion for a continuance did not deprive him of his right to prepare for and confront witnesses where defendant failed to demonstrate that a continuance would enable him to secure any evidence or testimony to refute the charges against him, and defendant offered no names of witnesses and indicated no evidence material to his defense which any witness could provide.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 5 August 1982 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 30 August 1983.

Defendant was charged in a proper bill of indictment with felonious escape from the Rutherford County Prison. Defendant

was found guilty as charged, and from a judgment imposing a prison sentence of not more than two years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas G. Meacham, Jr. for the State.*

*Arledge, Callahan & Franklin, by Hugh J. Franklin for the defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the court's denial of his motion to continue. Defendant contends that denial of his motion deprived him of his constitutional rights to confront witnesses and to effective assistance of counsel. He claims that appointment of counsel only six days prior to trial provided insufficient opportunity "to confer with counsel, call witnesses in his defense and prepare cross-examination."

The general rule is that a motion for continuance is addressed to the discretion of the trial judge, and that denial of such a motion will be upheld on appeal absent a showing of abuse of discretion. *State v. Williams*, 304 N.C. 394, 284 S.E. 2d 437 (1981) *cert. denied*, 456 U.S. 932 (1982). When a motion for continuance is based on constitutional rights, however, the decision of the trial court is reviewable as a question of law. *State v. Abernathy*, 295 N.C. 147, 244 S.E. 2d 373 (1978). Defendant's motion in the present case was based on his constitutional rights to effective assistance of counsel and to confront witnesses against him. The court's denial of his motion is therefore fully reviewable as a question of law.

[1] Defendant's assertion that he was denied effective assistance of counsel is based on the appointment of counsel "six working days" prior to trial. Defendant does not contend that his attorney was incompetent, but rather that his attorney had insufficient time to prepare his defense.

> It is implicit in the constitutional guarantees of assistance of counsel and confrontation of one's accusers and witnesses against him that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense. However, no set length of time is guaranteed

and whether defendant is denied due process must be determined under the circumstances of each case.

*State v. McFadden,* 292 N.C. 609, 616, 234 S.E. 2d 742, 747 (1977). In *State v. Maher,* 305 N.C. 544, 290 S.E. 2d 694 (1982), our Supreme Court discussed some of the circumstances to be considered in reviewing such a claim. The court in *Maher,* in finding that the defendant in that case had been deprived of effective assistance of counsel, observed, "[t]he attorney who represented the defendant at trial . . . had not prepared the case, had not met with the defendant prior to the morning of trial, and was given little time in which to prepare a defense. . . . [C]ounsel here was given fifteen minutes." *Id.* at 548-49, 290 S.E. 2d at 697. In the present case, the same counsel who represented the defendant at trial also prepared the case; there was no substitution or change of counsel. According to the record, the defendant had twice met with his attorney, once at the jail and again the morning of the hearing. Furthermore, the attorney in the present case was appointed six working days before trial. In light of the relatively simple legal and factual issues involved in a case of this nature, we do not believe six days was insufficient time in which to prepare a defense. Because there was adequate time for defendant to confer with his attorney and to prepare his defense, we hold that defendant's right to effective assistance of counsel was not abridged by the trial court's refusal to grant a continuance.

[2]  Defendant also contends that denial of his motion for a continuance deprived him of his right to prepare for and confront witnesses. In considering a similar argument our Supreme Court stated, "a postponement is proper if there is a belief that *material* evidence will come to light and such belief is reasonably grounded on known facts. But a mere intangible hope that something helpful to a litigant may possibly turn up affords no sufficient basis for delaying a trial to a later term." *State v. Tolley,* 290 N.C. 349, 357, 226 S.E. 2d 353, 362 (1976) (citation omitted). In the present case, the defendant failed to demonstrate that a continuance would enable him to secure any evidence or testimony to refute the charges against him. He offered no names of witnesses and he indicated no evidence material to his defense that any witness could provide. His oral motion for a continuance was not accompanied by any affidavit or other offer of proof. "This state of the record suggests only a natural reluctance to go to trial and

affords no basis to conclude that absent witnesses, if such existed, would ever be present for the trial." *State v. Stepney*, 280 N.C. 306, 312, 185 S.E. 2d 844, 848 (1972).

We find no error in the court's denial of defendant's motion to continue.

No error.

Judges WEBB and HILL concur.