STATE OF NORTH CAROLINA v. JIMMIE R. HOLLOWAY

No. 8310SC994

(Filed 3 July 1984)

1. **Criminal Law § 91.7; Constitutional Law § 48— denial of continuance—no denial of effective assistance of counsel**
    There was no merit to defendant's contention that the trial court's refusal to continue his trial denied him the effective assistance of counsel where the record showed that defense counsel indicated the absence of a particular witness and moved for a continuance; counsel asserted that he had subpoenaed the witness and directed him to bring certain documents to court, but no copy or other record of the subpoena was in the file; the record contained no indication as to what the witness would have testified to or what papers he was directed to bring to court; defendant had been represented by the same counsel for more than six months; trial had been continued several times before, the last time at defendant's request; and no error or prejudice was shown by denial of the continuance.

2. **Insurance § 141— burglary—filing false claim—willful and knowing—sufficiency of evidence**

In a prosecution of defendant for filing a false insurance claim, there was no merit to defendant's contention that the evidence was insufficient to show that he acted knowingly and willfully in making the claim, since the evidence tended to show that defendant's place of business was burglarized; he twice expanded the list of missing articles, the second time including the TV in question; three months prior to the burglary defendant himself carried the TV from his store, placed it in the car of an undercover IRS agent, and saw it driven away; the TV was still in the possession of the IRS agent when trial began, but defendant nevertheless falsely claimed the TV was stolen during the burglary; and it could be inferred from the evidence that defendant's memory had not failed him as to the whereabouts of the TV.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 3 May 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 14 March 1984.

Defendant was convicted of presenting a false insurance claim, in violation of G.S. 14-214.

The State's evidence tended to show the following: Defendant's retail electronics store in the Town of Wake Forest was broken into on 7 November 1980 shortly after midnight. Two patrolling police officers heard the burglar alarm go off, went to investigate, saw that the store's front window was broken out, and telephoned the defendant. Upon arriving at the store, defendant looked around, and told the officers that a stereo receiver and speaker were missing. After the officers had concluded their investigation and resumed their normal patrols, defendant stopped them and said that a portable television set was also gone, and later that same morning defendant telephoned the police station and stated that a 19-inch Sylvania color television set was stolen as well. Still later that day, defendant telephoned the insurance agent that issued his burglary policy and gave him information which enabled the agent's bookkeeper to compile a property loss report; and defendant, himself, prepared and delivered to the agent a list of articles claimed to be missing, along with the wholesale cost of each. Both papers, which listed a 19-inch Sylvania color television set bearing model number CXO178-WR and serial number 2088447, were forwarded to the insurance company by the agent. The company assigned defendant's claim to an adjuster, who contacted defendant about it several days later. At that time, defendant confirmed that the TV previously described

was taken during the robbery and that its wholesale cost was $528; and when the adjuster asked him about not mentioning the Sylvania TV during his first two conversations with the police, defendant stated that he was busy trying to make the store secure and did not notice its absence until later.

An undercover agent for the Internal Revenue Service testified that: He and another agent were investigating the defendant's operations during the summer of 1980 and in August, three months before the robbery, they obtained the identified 19-inch Sylvania color television set from the defendant and still had custody of it. Though the record does not show why defendant was being investigated or what was said by defendant and the agent during the conversation that preceded and accompanied the acquisition of the television set, the transaction was recorded on video, and both the video and the TV set were received into evidence as exhibits.

No evidence was presented by defendant.

*Attorney General Edmisten, by Associate Attorney General David R. Minges, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

PHILLIPS, Judge.

[1] The first error that defendant contends the court committed was in not continuing the trial of his case. His assertion now is that the court's refusal to delay the trial denied him the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and due process of law guaranteed by the Fourteenth Amendment. But the record does not show that any constitutional question was raised in the trial court, which is usually necessary for such a question to be considered on appeal. *State v. Robertson*, 57 N.C. App. 294, 291 S.E. 2d 302, *rev. denied*, 305 N.C. 763, 292 S.E. 2d 16 (1982). All that the record shows in this regard is that: Just before the trial started, on Monday, May 2, 1983, counsel for defendant, ascertaining that no employee of the IRS office in Greensboro was in the courtroom, moved for a continuance. In doing so he asserted that he had subpoenaed the IRS Deputy Director and directed him to bring certain documents

to court; but no copy or other record of the subpoena was in the file and the record contains no indication as to what the witness would have testified to or what papers he was directed to bring to court. Upon inquiry by the court, counsel responded that the subpoena was mailed to the sheriff in Greensboro six days earlier, on Tuesday, April 26, 1983, and the only communication that he had either made or received about it was a telephone call from the Acting IRS Director two or three days later to the effect that the Deputy Director was out of town, the Guilford County Sheriff had told him he doubted that the subpoena could be served on anybody but the Deputy Director to whom it was addressed, and that an IRS attorney or other representative would call counsel again before long. No other contention or representation by defendant is recorded; but the record does show that he had been represented by the same counsel for more than six months and that the trial had been continued several times before, the last time at defendant's request. Though motions based on a constitutional right raise a question of law and are reviewable, *State v. Maher*, 305 N.C. 544, 290 S.E. 2d 694 (1982), whereas the usual motion for a continuance involves only the judge's discretion, it is plain that however defendant's motion is viewed the assignment of error is without merit, since neither error nor prejudice has been shown.

[2] Defendant's only other assignment of error is that the evidence presented against him was not sufficient to justify his conviction. We disagree.

G.S. 14-214 provides:

> Any person who shall willfully and knowingly present or cause to be presented a false or fraudulent claim, or any proof in support of such claim, for the payment of a loss, or other benefits, upon any contract of insurance or certificate of insurance; or prepares, makes or subscribes to a false or fraudulent account, certificate, affidavit or proof of loss, or other documents or writing, with intent that the same may be presented or used in support of such claim, shall be punished as a Class I felon.

Defendant's contention is not that the evidence was insufficient to show that the claim he made against the insurance company was false, as it manifestly was, but only that it does not show that he

acted *knowingly* and *willfully* in making it. In determining this question we are not obliged to define the words *willfully* and *knowingly* as they are used in this statute, for our Supreme Court has already done that several times heretofore. In *State v. Stephenson,* the Court said:

> The word "willfully" as used in this statute means something more than an intention to commit the offense. It implies committing the offense purposely and designedly in violation of law. *S. v. Whitener,* 93 N.C., 590; *Foster v. Hyman,* 197 N.C., 189, 148 S.E., 36. The word "knowingly" as so used, means that defendant knew what he was about to do, and, with such knowledge, proceeded to do the act charged. These words combined in the phrase "willfully and knowingly" in reference to violation of the statute, mean intentionally and consciously. As used in the present indictment it means that defendant for purpose of collecting insurance intentionally made a false claim as to the value of the tobacco burned, with knowledge and conscious of the fact that the claim was false and fraudulent.

218 N.C. 258, 264, 10 S.E. 2d 819, 823 (1940). Also *see State v. Fraylon,* 240 N.C. 365, 82 S.E. 2d 400 (1954).

In our opinion the evidence presented by the State clearly justifies the jury in concluding that defendant in filing the false claim involved acted knowingly and willfully, as those words have been judicially defined. That defendant three months earlier personally carried the TV set in question from his store, put it in the car of an undercover IRS agent, saw it driven away, and the set was still in the possession of the IRS when the trial began, as the video and other evidence indicated was the case, certainly tended to show that defendant knew the set was not in his store when it was burglarized; and that he nevertheless falsely claimed the TV set was stolen during the burglary tends to show that the claim was both knowingly and willfully made. Defendant's contention that the evidence is deficient because it does not show that he *remembered* what had been done with the set when the false claim was presented is rejected. Nothing in the evidence suggests that defendant's memory was deficient and that he did not claim the TV set was missing until several hours had passed and he had twice expanded the list of missing articles indicates that listing

the TV set was no spur of the moment mistake, as defendant contends. It was permissible and proper, we think, for the jury to infer from the evidence before them that defendant did remember that the TV set had been taken away earlier and was not in the store when the insurance loss occurred. Courts have long permitted the subjective mental state of people to be inferred from their conduct. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974). This became a rule of law, not only by necessity, since direct proof of intentions and the like is seldom available, but because it was first a rule of life. From the earliest times until the present day the collective experience of human kind, as so many sayings and adages that have come down to us from sages, poets and ordinary people attest, has confirmed the belief that action does speak as loud as, if not louder than, words and that thoughts and intentions can be deduced as well from what one has done as it can from what has been said.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.