An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-775

Filed 4 February 2026

Wake County, Nos. 07CR070256-910, 07CR070257-910, 07CR070258-910

STATE OF NORTH CAROLINA

v.

HIEN VAN TRAN

Appeal by defendant from judgement entered 7 December 2023 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 23 April 2025.

>*Attorney General Jeff Jackson, by Assistant Attorney General, Kayla D. Britt, for the State.*

>*Appellate Defender Glenn Gerding, by Assistant Appellate Defender, Kathryn L. VandenBerg, for defendant.*

FREEMAN, Judge.

Defendant appeals from judgment entered after pleading guilty to two charges of trafficking methamphetamine by possession and transport, and one count of conspiracy to traffic methamphetamine. On appeal, defendant argues the trial court erred by: (1) denying his motion for continuance and (2) making a ruling on whether

defendant provided substantial assistance. Additionally, defendant filed a petition for writ of certiorari requesting appellate review. After careful review, we grant defendant's petition for writ of certiorari. Further, we affirm defendant's sentencing and conclude the trial court did not abuse its discretion in denying defendant's motion to continue, or when determining whether defendant provided substantial assistance.

## I.    Factual and Procedural History

Defendant pleaded guilty to two counts of trafficking methamphetamine by possession and transport, and one count of conspiracy to traffic methamphetamine on 17 October 2007. Because of the terms of defendant's plea, judgment was continued until 3 December 2007, "or until such time thereafter as the State prays judgment."

Later, defendant's counsel in the matter, Attorney Bill Young, described to the sentencing court that defendant met with prosecutors and law enforcement to provide substantial assistance to aid in reducing his sentence. Attorney Young explained that the substantial assistance defendant provided to law enforcement, resulted in the prosecutor agreeing to decrease defendant's bond and allowing for his release on 30 October 2007. Attorney Young's file and notes related to defendant's meeting with prosecutors and law enforcement, and the information defendant provided, were destroyed.

In March 2008, the State prayed judgment, but defendant did not appear at

the sentencing hearing. On 3 March 2008, an order for his arrest was issued. Two days later, the case was voluntarily dismissed with leave due to defendant's failure to appear.

In 2021—sixteen years later—defendant was arrested in Georgia. Defendant was later returned to North Carolina on probation violation charges, and on 20 June 2023, the trial court ordered defendant's release from these charges.

Shortly after, the prison system called the Wake County district attorney's office to discuss the outstanding warrant and convictions from defendant's 2007 guilty pleas. This prompted defendant to be transferred from prison to the Wake County jail. Defendant's sentencing for his trafficking offenses was set for 6 November 2023.

Around November 2023, Attorney Young moved to withdraw as defendant's counsel. Attorney Tanya Becna, private counsel appointed by the public defender, was appointed as defendant's new counsel. In October 2023, Attorney Becna had received notice of her upcoming appointment as defendant's counsel.

On 6 November 2023, defendant's three convictions—two counts of trafficking methamphetamine by possession and transport, and one count of conspiracy to traffic methamphetamine—were reinstated. A hearing was held that same day.

At that first hearing, Attorney Young appeared on behalf of defendant and explained the circumstances of defendant's plea, substantial assistance, and destruction of related documentation. The trial court granted Attorney Young's

motion to withdraw. Attorney Becna, who was also present at the hearing, agreed she would serve as defendant's counsel moving forward. The trial court allowed a thirty-day continuance for Attorney Becna to familiarize herself with the case. A second hearing was set for 7 December 2023.

At the 7 December 2023 hearing, Attorney Becna asked the trial court for a continuance stating,

> I have only had the case for a month. The exposure that my client faces is a potential life sentence, all things considered. So I am asking for more time to effectively prepare for my client. As early as—or as recently as this past weekend, I was contacted by another attorney out of Orange County, who had some information he'd like to share with me with regard to Mr. Tran, so I have reason to believe that there are other options that I need to look at before I enter Mr. Tran into this plea.
>
> I understand that this is a very old case, but I've only had it for effectively a month, and that is not nearly enough time for me to competently advise Mr. Tran, so I am asking for some more time to do so.

The trial court denied this motion and continued to the sentencing portion of the hearing. The trial court allowed Attorney Becna to present during this phase of the hearing, to which Attorney Becna said:

> Well, Your Honor, I admittedly am unprepared for this. So with regard to sentencing, while I understand that Mr. Tran did not make himself available, he did provide information. I don't know what the quality of that information was. We don't know how much information it was. It could have been a ton of information. We don't know if there were arrests. We don't know if there were additional investigations. We don't know anything about

what happened.

> So with that considered, I mean, we're in a difficult position. Obviously, it's one that you can argue the defendant created for himself, but be that as it may, he did provide assistance. It's not like he provided nothing and left. So we are asking with regard to that that you do consider that.

The trial court announced its considered Attorney Becna's argument and replied:

> The Court has considered the issue of substantial assistance and in its discretion finds that any substantial assistance that was offered would be outweighed by the defendant's failure to make himself available as required for sentencing within a reasonable time after the entry of the guilty plea.

The trial court imposed a single, consolidated sentence of 175–219 months imprisonment for all three convictions.

On 18 December 2023, defendant filed written notice of appeal.

## II. Jurisdiction

Defendant filed a petition for writ of certiorari on 1 November 2024, seeking review of the trial court's 7 December 2023 judgments. The State filed its reply on 5 February 2025.

There are limited, statutory circumstances where a defendant who entered a guilty plea is entitled to appeal as a matter of right, *see* N.C.G.S. § 15A-1444 (2023), because "[a] defendant generally waives any right to appeal a conviction if he pleads guilty[,]" *State v. Branham*, 922 S.E.2d 181, 185 (N.C. Ct. App. 2025). In the present case, defendant acknowledges the sentencing issues he has presented are not those

which entitle him to appeal as a matter of right and petitions this Court for writ of certiorari.

Certiorari is a discretionary writ governed by a two-part test. *See Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 577–73 (2023). Defendant demonstrated merit and extraordinary circumstances in his petition. *See id.* Therefore, we exercise our discretion and grant defendant's petition.

On the same day the State filed its reply to defendant's petition for writ of certiorari, the State also filed a motion to dismiss defendant's appeal. Because we grant defendant's petition of writ of certiorari, we deny the State's motion to dismiss.

## III. Standard of Review

"The appellate standard of review of the denial of a motion to continue is abuse of discretion, unless the denial raises a constitutional issue." *State v. Barkley*, 144 N.C. App. 514, 523, *disc. appeal dismissed*, 354 N.C. 221 (2001) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285 (1988). Therefore, "[w]hether to allow a continuance of the sentencing hearing lies within the discretion of the trial judge[,]" *State v. McKenzie*, 122 N.C. App. 37, 48 (1996) (citation omitted), but "when a motion to continue is based on a constitutional right, the trial court's ruling becomes a question of law and, upon appeal, it is subject to review by examination of the

particular circumstances as presented by the record[,]" *State v. Gardner*, 322 N.C. 591, 594 (1988).

Similarly, "[i]n order to overturn a sentencing decision, the reviewing court must find an abuse of discretion, procedural conduct prejudicial to the defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Willis*, 92 N.C. App. 494, 498 (1988) (cleaned up).

## IV. Discussion

On appeal, defendant argues the trial court erred by denying his motion for continuance and determining whether defendant provided substantial assistance. We address each argument in turn.

### A. Motion to Continue

Defendant argues the trial erred in denying his motion for continuance, which amounted to a constitutional violation, because "counsel had the case for only a month, the prior attorney's files were destroyed, and counsel stated clearly that she was not prepared for the sentencing hearing." The State contends the trial court did not abuse its discretion, and alternatively argues if the alleged error rises to a constitutional violation, it was harmless beyond a reasonable doubt because, "[d]efendant confessed to the crime for which he was sentenced, pleaded guilty, fled sentencing for some 16 years, and his sentence was in line with North Carolina's sentencing statues[.]"

"Regardless of the nature of the motion . . . whether constitutional or not, a denial of a motion to continue is grounds for a new trial only upon a showing by the defendant that the denial was erroneous and that his case was prejudiced thereby." *State v. Gaddis*, 382 N.C. 248, 253 (2022) (citing *State v. Johnson*, 379 N.C. 629, 633 (2021)). "If error amounts to a constitutional violation . . . there is prejudice requiring a new trial unless the [S]tate satisfies this Court that the error is harmless beyond a reasonable doubt." *State v. Gardner*, 322 N.C. 591, 594 (1988); *see* N.C.G.S. § 15A-1443 (2023).

"The Sixth Amendment guarantees the accused, in all criminal prosecutions, the right to have the assistance of counsel in making his defense." *State v. Melton* 294 N.C. App. 91, 95 (2024), *aff'd*, 387 N.C. 538 (2025) (citing U.S. Const. amend. VI; N.C. Const. art. I, § 23). Therefore, to demonstrate this kind of "constitutional violation, a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense." *State v. Morgan*, 359 N.C. 131, 144 (2004) (cleaned up). Further, "[t]o demonstrate that the time allowed was inadequate, the defendant must show how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion." *State v. Williams*, 355 N.C. 501, 541 (2002) (cleaned up).

"While a defendant must be afforded a reasonable opportunity to prepare a defense, neither the United States Constitution nor the North Carolina Constitution guarantees a particular length of time for the preparation. The facts of each case are

pertinent." *Morgan*, 359 N.C. at 144; *see also State v. McFadden*, 292 N.C. 609, 616 (1977) ("[N]o set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case.").

> In considering a similar argument our Supreme Court stated, "a postponement is proper if there is a belief that material evidence will come to light and such belief is reasonably grounded on known facts. But a mere intangible hope that something helpful to a litigant may possibly turn up affords no sufficient basis for delaying a trial to a later term."

*State v. Martin*, 64 N.C. App. 180, 182 (1983) (citation omitted); *see also State v. Pickard*, 107 N.C. App. 94, 100 (1992) (same).

For example, in *State v. Maher* our Supreme Court held the trial court erred in denying defendant's motion to continue trial, and defendant was prejudiced by the trial courts error "where counsel [was] retained only four days prior to trial through no fault of defendant's, [was] concurrently involved in another trial, and [was] allowed only a few minutes to confer with his client prior to trial[.]" 305 N.C. 544, 549 (1982). Ultimately, the Supreme Court concluded that "failure of the trial court to grant a continuance denied defendant effective assistance of counsel." *Id.*

In the present case, unlike the attorney in *Maher*, Attorney Becna had been notified of her appointment to defendant's case in October 2023; was aware documentation of defendant's substantial assistance was destroyed; and at the time of defendant's requested continuance, had been serving as defendant's counsel for a month. Further, Attorney Becna shared with the trial court she was not prepared for

defendant's second sentencing hearing, because she had inadequate time to prepare; potential information another attorney wanted to share with her with regard to defendant; and no information as to the quality or quantity of defendant's substantial assistance.

However, defendant's argument—that had Attorney Becna had more time to prepare, *potentially* "the details of [defendant's] efforts could have been documented and presented"—is speculative, and fails to demonstrate the trial court's denial of his motion to continue deprived him of ample time "to confer with counsel and to investigate, prepare and present his defense." *Morgan*, 359 N.C. at 144 (2004) (cleaned up). *See also McFadden*, 292 N.C. at 616 ("[N]o set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case."). Put simply, "a mere intangible hope" that any new information may "turn up" regarding defendant's substantial assistance is not a "sufficient basis for delaying a trial to a later term." *Martin*, 64 N.C. App. at 182 (citation omitted).

Accordingly, the trial court's denial of defendant's motion to continue was not erroneous, let alone a constitutional violation which deprived him of his right to effective assistance of counsel. Further, the trial court did not abuse its discretion where its ruling was not "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285 (1988).

## B. Substantial Assistance

Defendant next argues "[t]he sentencing court . . . abused its discretion for guessing what the evidence of substantial assistance might be, guessing about the prosecutor's position, and basing its ruling on those guesses."

Subsection 90-95(h)(5) of our General Statues governs substantial assistance and sentencing, and states:

> The sentencing judge *may* reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of the person's knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals *if* the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.

N.C.G.S. § 90-95(h)(5) (2023) (emphasis added). "Our courts have recognized that the 'substantial assistance' statute[,] is permissive, not mandatory, and that defendant has no right to a lesser sentence even if he does provide what he believes to be substantial assistance." *State v. Kamtsiklis*, 94 N.C. App. 250, 260 (1989).

Our Supreme Court has recently reiterated the discretionary nature of section 90-95(h)(5). *See State v. Robinson*, 383 N.C. 512, 523 (2022). In that case, the Supreme Court described even after the trial court makes a substantial assistance determination, the statute gives trial courts a "discretionary option," *id.*, to "impose a prison term less than the applicable minimum prison term[,]" N.C.G.S. § 90-

95(h)(5).

In other words, section 90-95(h)(5) gives the trial court discretion "to determine whether substantial assistance has been provided by a particular defendant[,]" and "unequivocally establishes that the trial court is not required to impose a reduced sentence even where a trial court has determined that a [d]efendant provided substantial assistance." *Robinson*, 383 N.C. at 523. Thus,

> *[i]rrespective of the extent or value* of defendant's substantial assistance, defendant's requested sentencing results from substantial assistance, or the State's position on the trial court's determination of substantial assistance, the trial court [is] empowered to determine whether to employ the option set forth in [the statute] to *reward* defendant for his assistance.

*Id.* (emphasis added).

Here, the trial court considered whether defendant offered substantial assistance and exercised its discretion where it stated:

> The Court has considered the issue of substantial assistance and in its discretion finds that any substantial assistance that was offered would be outweighed by the defendant's failure to make himself available as required for sentencing within a reasonable time after the entry of the guilty plea.
>
> The Court therefore, in its discretion further, consolidates these offenses for a single judgment as required by law of 175 months minimum, 219 months maximum, in the custody of the Department of Adult Corrections. That is an active sentence. The Court also imposes a fine of $250,000 as required by law and also imposes the costs of court in this matter.

Thus, while defendant specifically alleges the trial court "guessed facts" and "decided the case in violation of the statute," as previously discussed, subsection 90-95(h)(5) creates an *optional* reward of reduced sentencing where a trial court determines, in its *discretion*, that a defendant provided substantial assistance. In the present case, the trial court explained regardless of the extent or value of defendant's substantial assistance, it would not reward his assistance given defendant's flight and evasion of sentencing. Because ultimately, "the trial court [is] empowered" to make this determination, *Robinson,* 383 N.C. at 523, defendant's argument that the trial court abused its discretion when determining substantial assistance also fails. Accordingly, we hold the trial court did not abuse its discretion in determining defendant's substantial assistance.

## V. Conclusion

We conclude defendant has failed to demonstrate that the trial court's denial of his motion to continue amounted to constitutional error, and therefore, the trial court did not abuse its discretion in denying defendant's motion to continue. Further, we conclude the trial court did not abuse its discretion determining defendant's substantial assistance. Accordingly, we affirm defendant's sentencing order.

AFFIRMED.

Judges COLLINS and MURRY concur.

Report per Rule 30(e).